## CIRCUIT COURT OF THE CITY OF NORFOLK

Johnson-Kendrick

v.

Sears, Roebuck & Co. et al.

May 31, 1996

Case No. (Law) L95-942

BY JUDGE JOHN C. MORRISON, JR.

Defendants, Sears and Ruben Farless (collectively "Sears"), seek to have this court sustain their Demurrer to Count I of Plaintiff's Second Amended Motion for Judgment arguing that they are not liable to plaintiff as a matter of law because defendant, James Brakebill, was not acting within the scope of his employment when he allegedly engaged in sexual misconduct with plaintiff. Sears also argues that plaintiff's claims of wrongful discharge for sexual harassment and negligent retention should be dismissed because they allege causes of action which do not exist in Virginia. Finally, Sears argues that plaintiff has failed to allege facts which support her claim of negligent and/or intentional infliction of emotional distress.

Brakebill seeks to have this court exclude all evidence related to allegations of his prior acts of sexual harassment because they are irrelevant, highly prejudicial, and replete with hearsay. In the alternative, Brakebill seeks to have this court sever plaintiff's claims and try Counts I and II against Brakebill separately.

Plaintiff, on the other hand, maintains that she has alleged facts sufficient to establish claims of assault and battery, negligent and/or intentional

infliction of emotional distress, negligent retention, negligent hiring, and wrongful termination in violation of public policy.

This action arises out of events which allegedly occurred while Brakebill, Manager of Loss Prevention for the Sears Greenbriar Store, was supervising plaintiff and training her for a position he allegedly procured for her in his department. On or about October 1, 1994, during a training session at the Sears Greenbriar Store, which marked the culmination of Brakebill's harassing activities, Brakebill allegedly rubbed his clothed genitals on plaintiff, subjected her to rude, lewd, and inappropriate comments often with sexual connotations, and made offers of advancement in exchange for sexual favors. The next day, plaintiff met with Farless, the store manager, to report Brakebill's inappropriate conduct. Plaintiff alleges that instead of taking action against Brakebill, Farless took her off the schedule and forced her back to her job in the linens department. Thereafter, plaintiff resigned.

Plaintiff filed a Motion for Judgment with this court on March 27, 1995. As a result of information obtained during discovery, plaintiff twice sought and obtained leave to amend her Motion for Judgment. Plaintiff's Second Amended Motion for Judgment, the subject of these motions, was filed on January 25, 1996.

The court has considered and reviewed the arguments made by the parties and overrules Defendants' Demurer to Counts I, III, and IV of Plaintiff's Second Amended Motion for Judgment, while sustaining Defendants' Demurrer with regard to Counts II and V, Negligent and/or Intentional Infliction of Emotional Distress, and Wrongful Termination in Violation of Public Policy, respectively. The court further denies Brakebill's motion to exclude evidence of his prior acts of sexual harassment, as well as his request that this court try Counts I and II against him separately.

The purpose of a demurrer is to determine whether the facts alleged, together with any reasonable inferences therefrom, are sufficient to state a cause of action upon which relief may be granted. *Burns v. Board of Supervisors of Fairfax County*, 218 Va. 625, 627 (1977). As such, if a pleading, no matter how imperfect, is drafted in such a way that the defendant cannot mistake the true nature of the claim, it will withstand a demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993) (citations omitted).

Moreover, because it tests the legal sufficiency of a pleading, a demurrer may raise the issue of misjoinder of causes of action. *Powers v. Cherin,*

249 Va. 33, 35 (1995) (citations omitted). A demurrer may not, however, raise the issue of misjoinder of parties. *Id.* Pursuant to Code § 8.01-5, misjoinder of parties may only be raised by a motion to drop the improperly joined parties. *Id.*

Defendants Sears and Farless argue that plaintiff has failed to allege that they are either vicariously or directly liable for Brakebill's alleged assault and battery of plaintiff. The gravamen of defendants' argument is that plaintiff has not alleged facts sufficient to prove that defendant Brakebill acted within the scope of his employment at the time of the alleged tortious conduct.

In Virginia, a plaintiff seeking to recover damages from a master for injuries caused by a servant must establish that the master-servant relationship "existed at the time of the injuries." *Sayles v. Piccadilly Cafeterias, Inc.*, 242 Va. 328, 332 (1991). Once an agency relationship has been proven, the burden shifts to the principal to show that the agent was not acting within the scope of his employment at the time of the injury. *Commercial Business Systems, Inc. v. BellSouth, Inc.*, 249 Va. 39, 43 (1995). Defendants Sears and Farless argue that as a matter of law they are not liable to plaintiff for the acts of defendant Brakebill because Brakebill's attempts to establish a sexual relationship with plaintiff arose wholly from his personal and independent motives and not in furtherance of Sears' business interests. The test of the liability of a master for the tortious conduct of his servant, however, is not whether the tortious act itself was within the ordinary course of the master's business but whether the service in which the tortious act was done was within the ordinary course of the master's business. *Id.* at 44 (citations omitted). Holding that the trial court erred in granting summary judgment on the issue of respondeat superior, the Supreme Court in *Commercial Business Systems, Inc.*, involving claims of bribery and corruption, opined that evidence of conduct which violated a master's rules and arose from purely personal motives, was not sufficient to establish that the servant acted outside the scope of his employment. The court reasoned that when the evidence presented leaves the question in doubt, it may be properly left to a jury to determine. *Id.* at 43, 44.

Insofar as plaintiff, in the case at bar, has alleged in her Second Amended Motion for Judgment that at the time of the tortious conduct she and defendants Farless and Brakebill were all employees of Sears (Plf. SAMJ at 1, 3, 4), that Brakebill, the Manager of Loss Prevention, reported to Farless, the General Manager (Plf. SAMJ at 4), that Brakebill was her

supervisor and that the majority of the tortious conduct occurred during on the job training sessions (Plf. SAMJ at 14-21), plaintiff has arguably alleged facts sufficient to establish an agency relationship between defendants Sears, Farless, and Brakebill.

Although defendants Sears, Farless, and Brakebill all argue that Plaintiff's Second Amended Motion for Judgment should be dismissed because it makes claims against some of the defendants severally, at times alleging counts against different defendants for separate, independent acts, such an issue must be brought on a motion to drop the improperly joined parties and not by a demurrer. Moreover, even assuming *arguendo* that defendants' could assert misjoinder of parties by a demurrer, their argument would still fail because the Virginia Supreme Court has held that a plaintiff may plead alternative theories of recovery against the same group of defendants, as long as the claims arise out of the same transaction or occurrence. *Fox v. Deese*, 234 Va. 412, 423 (1987). Given that all of plaintiff's claims arise out of defendant Brakebill's alleged sexually harassing behavior while training and supervising plaintiff, they arguably arise out of the same transactions or occurrences.

Next, defendants allege that plaintiff has failed to set out facts sufficient to show either intentional or negligent infliction of emotional distress. Pursuant to the traditional American "impact rule," a party could not recover for negligently inflicted mental or emotional distress and consequent physical injuries, unaccompanied by contemporaneous physical injuries. *Hughes v. Moore*, 214 Va. 27, 33 (1973). Rejecting the logic behind this rule, the Supreme Court of Virginia in *Hughes* attempted to clarify the rule in Virginia by stating that where conduct is merely negligent and physical impact is lacking, there can be no recovery for emotional disturbance alone. *Id.* at 34. However, where the claim is for emotional disturbance and a resulting physical injury, recovery may be had even absent physical impact if the plaintiff proves by clear and convincing evidence that his injury was the natural result of shock proximately caused by the defendant's negligence. *Id.* Thus, by allowing for recovery in instances where there is some type of physical injury regardless of whether it occurs prior to the emotional distress and as a result of some type of physical impact or as a result of the emotional distress, the Court arguably turned the traditional "impact rule" into a "physical injury" rule in negligence cases. *See Howard v. Alexandria Hospital*, 245 Va. 346 (1993) (holding that the trial court erred in sustaining defendant's motion to strike given that plaintiff had presented some evidence of physical injury); *see also*

*Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 354 (1982) (stating that the general rule in tort cases is that absent proof of physical injury or intentional or reckless conduct, there can be no recovery for mental anguish or emotional distress alone).

As such, when the court discusses recovery for emotional distress unaccompanied by physical injury, as they do in *Womack v. Eldridge*, 215 Va. 338, 342 (1974), they arguably mean actual physical harm regardless of whether it occurred in conjunction with a physical impact or as the result of the emotional distress. In *Womack*, wherein a man suffered emotional distress as the result of the fact that a picture of him was used by the defendant in a criminal child molestation case, the Supreme Court held that a plaintiff may not recover for emotional distress absent physical injury unless plaintiff proves the following by clear and convincing evidence: (1) that the wrongdoer's conduct is intentional or reckless; (2) that the conduct is outrageous and intolerable; that the alleged wrongful conduct and emotional distress are causally connected; and, that the distress is severe. *Id.* Moreover, in order to establish a cause of action under *Womack* for infliction of emotional distress, a party must allege all of the facts necessary to establish the cause of action; mere conclusory allegations will not suffice. *Russo v. White*, 241 Va. 23, 28 (1991) (citing *Ely v. Whitlock*, 238 Va. 670, 677 (1989)).

The gravamen of plaintiff's emotional distress claim is that defendants, through both negligent and intentional conduct, caused plaintiff to suffer severe emotional distress. Because plaintiff does not allege that she has suffered any physical injury, she may not recover for the emotional distress she suffered as the result of defendants' negligence, she may only recover for her emotional distress is she satisfies the requirements of the *Womack* test.

With regard to the first prong of the *Womack* test, the Virginia Supreme Court has reasoned that "when conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone." *Womack*, 215 Va. at 340 (citing *Hughes v. Moore*, 214 Va. 27, 31 (1973)). Thus, in order for plaintiff to recover for her emotional distress, she must allege conduct on the part of defendant which is willful, wanton, or vindictive or that defendant's conduct resulted in some type of physical injury. *Womack*, 215 Va. at 340.

Under the second prong, recovery may only be had if the conduct has been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

and utterly intolerable in a civilized community." *Russo*, 241 Va. at 27 (citation omitted). Likewise, under the fourth prong, the alleged emotional distress must be so extreme and severe that no reasonable person would be expected to endure it. *Id.* In *Russo*, wherein plaintiff sued defendant for intentional infliction of emotional distress resulting from over 340 harassing "hang-up" phone calls, the Virginia Supreme Court opined that merely alleging "severe" and "extreme" emotional distress was not sufficient. *Id.* at 28.

Plaintiff in the instant case merely alleges that defendants' intentional or reckless conduct, which they either knew or should have known was likely to cause emotional distress, was the proximate and direct cause of the extreme and severe emotional trauma and distress suffered by plaintiff. Nowhere does plaintiff plead with specificity facts establishing either the type of emotional distress considered severe and extreme or a type of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . ." *Russo*, 241 Va. at 27 (citations omitted). Given that these two prongs of the *Womack* test require more than mere conclusory allegations, this court sustains defendants' demurrer as to Count II of plaintiff's claim.

Defendants also argue that plaintiff's negligent retention and hiring claims should be dismissed because Virginia does not recognize a cause of action for negligent supervision and because Brakebill was not "hired" by Farless at the Sears store at the Greenbriar Mall in Chesapeake, merely that he transferred from another Sears store in California. The Virginia Supreme Court has never addressed the issue of negligent retention *per se*, although it has recognized a cause of action for negligent hiring. *See J. v. Victory Tabernacle Baptist Church*, 236 Va. 206 (1988) (holding that Virginia recognizes the independent tort of negligent hiring). As defendants point out, the Supreme Court has held that in Virginia an employer does not have a duty to supervise his employees in such a way as to prevent them from harassing an employee with a physical condition that worsens with stress. *C. & P. Tel. Co. v. Dowdy*, 235 Va. 55 (1988). The court in *C. & P. Tel. Co. v. Dowdy*, however, made it clear that there was no duty to supervise which arose under the circumstances presented in that particular case. The court did not opine that there would never be a situation in which an employer would have a duty to supervise an employee. In fact, the court has reasoned in the context of a claim of negligent hiring that if an employer negligently hires an employee with known dangerous propensities, said employer would be liable for retaining that employee once he

had actual or constructive knowledge of those propensities. *See Big Stone Gap Iron Co. v. Ketron*, 102 Va. 23, 27 (1903).

Plaintiff in the instant case has alleged that in June of 1994 when Brakebill transferred or was hired at the Sears Greenbriar Store, Sears management in California knew of sexual harassment complaints which had been filed against him. Moreover, regardless of whether Brakebill was "hired" by Farless to work at the Sears Greenbriar Store or he transferred, Farless arguably had a duty to find out what kind of an employee he was bringing into his store, especially given that Sears Westminster had conducted an investigation into prior allegations of sexual harassment.

Finally, defendants argue that plaintiff's wrongful discharge claim fails to state a cause of action upon which relief can be granted because the limitations period has run or, in the alternative, because plaintiff has failed to alleged that her discharge violates public policy.

Pursuant to Virginia Code § 8.01-248, every personal action, accruing on or after July 1, 1995, for which no limitation period is prescribed, shall be brought within two years after the right to bring such an action has accrued. For all actions accruing prior to July 1, 1995, the one-year limitation period prescribed in the prior section applies. Given that plaintiff's cause of action for wrongful discharge is for a personal action, accruing prior to July 1, 1995, for which no other limitations period is prescribed, it falls within the default one year limitations period.

Plaintiff in the case at bar filed her Motion for Judgment in March of 1995, within the one-year default limitations period. Plaintiff's Second Amended Motion for Judgment, including a claim for Wrongful Discharge, however, was filed in January of 1996, after the limitations period had run. Because plaintiff's claim of Wrongful Discharge in Violation of Public Policy is a new and substantively different cause of action and not a mere amended version of the original pleading, it cannot prevail as the period in which that claim could be brought has elapsed.

Based on this finding, it is not necessary for the court to address the other issues raised in defendants' demurrer to this count. The court sustains defendants' demurrer to Count V of plaintiff's claim.

For the foregoing reasons, the court overrules Defendants' Demurrer to Counts I, III, and IV of Plaintiff's Second Amended Motion for Judgment, while sustaining Defendants' Demurrer with regard to Counts II and V, Negligent and/or Intentional Infliction of Emotional Distress, and Wrongful Termination, respectively. The court further denies Brakebill's motion

to exclude evidence of his prior acts of sexual harassment and his request that this court try Counts I and II against him separately.