# CIRCUIT COURT OF LOUDOUN COUNTY

Jack B. Permison

v.

Vastera, Inc.

March 10, 2000

Case No. (Law) 23096

By Judge Jean Harrison Clements

This case came before the Court for hearing on the Defendant's Demurrer and Plea in Bar which were argued by counsel on February 23, 2000, and taken under advisement by the Court.

Plaintiff alleges, among other things, that on January 7, 2000, one Derrick Cobey, an employee and agent of Defendant, while acting within the scope of his employment and while proceeding with termination of Plaintiff from his employ with Defendant, grabbed Plaintiff and assaulted him and verbally threatened him. He seeks relief in three Counts: I - Negligent Hiring; II - Negligent Retention; and III - Negligent Supervision.

The Demurrer argues that the allegations of Counts I and II are conclusory only and that insufficient facts are alleged as required by law. As to Count III, it argues that Virginia does not recognize a cause of action of Negligent Supervision.

*C. & P. Tel. Co. of Va. v. Dowdy*, 235 Va. 55 (1988), clearly states that Virginia does not recognize an independent cause of action for negligent supervision. The Demurrer to Count III is sustained.

Assuming that the Court agrees with the Defendant's Demurrer as to Counts I and II, it would grant leave to amend. However, the Court must first address the ground relied upon by the Defendant in its Plea in Bar, that, upon the allegations, both claims are barred by the exclusive remedy provisions of

the Virginia Workers' Compensation Act. Those allegations were recited by the Court earlier.

*Haddon v. Metropolitan Life Ins. Co.*, 239 Va. 397 (1990), held that the Workers' Compensation Act is the exclusive remedy for an employee who sustains injury as a result of an intentional tort by a fellow employee. Plaintiff does not allege that he was injured after termination. Rather he specifically alleges it was as he was being terminated. He therefore alleges it was "in the course of his employment." In addition, he alleges that he was an employee of the employer, being terminated by the employer's employee-agent. This is an allegation that his injury "arises out of the employment."

Plaintiff's sole remedy, however sufficiently further alleged, is pursuant to the Workers' Compensation Act. The Plea in Bar is sustained, and the Motion for Judgment is dismissed.