## CIRCUIT COURT OF THE CITY OF ROANOKE

Nancy Wood (Hill)

v.

Lowe's Home Centers, Inc.,
and Khandi Muse

December 16, 2003

Case No. CL02-829

BY JUDGE CHARLES N. DORSEY

On August 5, 2002, the plaintiff, Nancy Hill, filed a Motion for Judgment asserting five causes of action against Defendants Khandi Muse and Lowe's Home Centers, Inc. Hill alleged assault and battery (Count I), intentional infliction of emotional distress (Count II), negligent hiring (Count III), negligent supervision (Count IV), and negligent retention (Count V), all resulting from a single incident occurring at her former place of employment, a Lowe's store.

Hill alleges that on August 15, 2000, Lowe's employed Hill as a cashier and Muse as an Assistant Department Manager. (Mot. for J. at ¶¶ 2-3.) Muse, in her supervisory capacity as a manager, asked the plaintiff to assist her with a project in the "ordinary course of business of Lowe's." (*Id*. at ¶ 5.) Hill told Muse that when she was finished "checking customers through the cash stand in furtherance of Lowe's business, she would assist Muse." (*Id*. at ¶ 6.) Whereupon Muse bit Hill on the upper arm because of her "personal dislike of Plaintiff, personal retaliation towards Plaintiff, and because Plaintiff continued to assist customers purchasing merchandise." (*Id*. at ¶ 7.) The alleged injuries occurred solely as a result of this incident.

On January 28, 2003, Defendants Lowe's and Muse separately filed Special Pleas invoking the exclusivity provisions of the Worker's Compensation Act ("WCA") as a bar to the Plaintiff's claims. Va. Code §§ 65.2-300(A), 65.2-307(A). They contend that the Plaintiff's claims are preempted by the WCA.

## Issue

Under the WCA, are the plaintiff's claims barred when they arise out of an alleged assault and battery between two employees, which occurred at their place of employment, and which resulted (at least in part) from a dispute over the conduct of business?

## Analysis

The injuries alleged all flow from the same incident and will be barred if the circumstances are determined to fall under the exclusive control of the WCA. "When an employee subject to the Act is injured by a fellow employee, an award under the Act is his *exclusive* remedy." *Fouts v. Anderson*, 219 Va. 666, 669, 250 S.E.2d 746, 748 (1979) (emphasis added). "All other rights and remedies of such employee ... at common law or otherwise" are excluded. Va. Code § 65.2-307(A). This exclusivity applies to cases involving an assault by a co-employee,[1] emotional injuries,[2] and claims of negligence in hiring or retention. *See Permison v. Vastera*, 51 Va. Cir. 409, 410 (Loudoun County 2000).

Hill's final claim of negligent supervision is not recognized in Virginia, hence it fails as a matter of law and will be dismissed. Virginia law does not acknowledge such a cause of action. *C. & P. Telephone Co. v. Dowdy*, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988) (stating, "there is no duty of reasonable care imposed upon an employer in the supervision of its employees."). Therefore, this Court will not proceed further on such a claim.

Injuries fall within the scope of the WCA when they occur "by accident arising out of and in the course of employment." Va. Code § 65.2-300(A). Thus, the statute sets up three benchmarks to determine whether a plaintiff's claims fall within the WCA's exclusive control. The injury must have been (1) an injury by accident (2) arising out of the claimant's employment and (3) arising in the course of the claimant's employment. *See, e.g., Combs v. Virginia Elec. & Power Co.*, 259 Va. 503, 508, 525 S.E.2d 278, 281 (2000).

---

[1] *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 172 S.E. 264 (1934).

[2] Emotional damages are covered by the WCA if they are determined to have occurred by "accident" within the meaning of the WCA. *See Middlekauff v. Allstate Ins. Co.*, 247 Va. 150, 439 S.E.2d 394 (1994).

The Supreme Court has repeatedly held that "failure to establish any one of these criteria ... defeats coverage under the Act," so each factor must be considered independently. *Snead v. Harbaugh*, 241 Va. 524, 526, 404 S.E.2d 53, 54 (1991).

Under the WCA, an injury occurs "by accident" when it is "an event which ... is unusual and not expected by the person to whom it happens." *Haddon v. Metropolitan Life Ins. Co.*, 239 Va. 397, 399, 389 S.E.2d 712, 714 (1990) (quoting *Reserve Life Ins. Co. v. Hosey*, 208 Va. 568, 570-71, 159 S.E.2d 633, 635 (1968)). While the terms "accident" and "intentional" are contradictory in other contexts, the Supreme Court has repeatedly held that "accident," for the purposes of the WCA, is construed to include even those injuries resulting from the "willful and intentional assault of either a fellow-employee or a third person." *Haddon*, 239 Va. at 399, 389 S.E.2d at 713-14 (citing *Continental Life*, 161 Va. at 759, 172 S.E.2d at 265-66. *But see Middlekauff v. Allstate Ins. Co.*, 247 Va. 150, 439 S.E.2d 394 (1994). *Haddon* was overruled in part due to circumstances not implicated by the present case. *Middlekauff*, and *Lichtman v. Knouf*, 248 Va. 138, 445 S.E.2d 114 (1994), carved out exceptions to the WCA's bar where Plaintiff's injuries were gradually incurred over time due to the multiple incidents.

In this case, all of Hill's injuries are alleged to have occurred from a single bite by Muse on August 15, 2000, rather than gradually having occurred over time. Though the assault alleged by Hill is obviously intentional in nature, the WCA is construed to embrace intentional torts of this type as "accidental," thus meeting the first requirement.

The second determination is whether plaintiff's injuries arose *out of* her employment. This requirement is subject to the most contention between the parties and is the deciding factor of the case. Generally, the phrase "out of" refers to causation, to which the court must apply the "actual risk" test: the injury must have "followed as a natural incident of the work by a reasonable person familiar with the whole situation as a result of exposure occasioned by the nature of employment." *Richmond Newspapers, Inc. v. Hazelwood*, 249 Va. 369, 372, 457 S.E.2d 56, 58 (1995) (citing *Bradshaw v. Aronovitch*, 170 Va. 329, 335, 196 S.E.2d 684, 686 (1938)). Further, the injury must also be fairly traceable to the employment as a contributing proximate cause and may not come from a hazard that the employee would have been exposed to outside of employment. *Richmond Newspapers*, 249 Va. at 372, 457 S.E.2d at 58. "It need not have been foreseen or ... expected, but, after the event, it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." *Id.* Applying these principles, an intentional assault would only be covered by the WCA when it

is directed against an individual "as an employee or because of [her] employment." *Smithfield Packing Co. v. Travellers Indem.*, 29 Va. App. 176, 181, 510 S.E.2d 740, 742 (1999) (quoting *Continental Life*, 161 Va. at 760, 172 S.E. at 266 ("if the assault was *personal* to the employee and was not directed against him as an employee, then the injury is not compensable") (emphasis added)).

Thus, assaults by fellow employees that occur in the workplace are cast into two categories: (1) those that are directed against an employee because of employment status and (2) those arising from personal sources that are not compensable by the WCA. This distinction was the deciding question in *Richmond Newspapers*, where the Supreme Court was unimpressed by the defendant newspaper's argument that "goosing" incidents directed against the plaintiff were a commonplace device to relieve tension in the pressroom. *Richmond Newspapers*, 249 Va. at 375, 457 S.E.2d at 59. Instead, the court found that the motivation for the goosing was friendship, a personal reason that excludes any resulting injury from coverage by the WCA. *Id.*

Applying this rationale, Virginia courts look to the motivation behind an assault. Where a nurse claimed that a co-worker had assaulted her and a review of the facts established that the assault arose from a work-related argument, the court found it satisfied causation. *See Downey v. Malik*, 54 Va. Cir. 235, 238 (Allegheny County 2000). Similarly, where a co-employee pulled a plaintiff forcibly from a chair in order to remove the plaintiff from the room after a termination interview, this was seen to be entirely "work-related" and, thus, arising out of employment. *See Abney v. Wimer*, 60 Va. Cir. 87, 91 (City of Norfolk 2002).

In this case, Muse requested Hill's assistance with a work-related matter "in the ordinary course of business of Lowe's" and Hill refused on the premise that she needed to continue helping customers. (Mot. for J. at ¶¶ 4-6.) Hill then alleges that Muse bit her on the arm because of "personal dislike for Plaintiff, personal retaliation toward Plaintiff, and because Plaintiff continued to assist customers purchasing merchandise." (*Id.* at ¶ 7.) In her Motion for Judgment, Hill has concretely framed the dispute as one created by, and arising out of, refusal to assist her supervisor. While biting an employee is neither appropriate, nor expected, nor rational behavior, a reasonable person has to conclude that the resulting injuries flow directly from a work-related disagreement between Hill and Muse. Although Hill asserts that personal dislike and retaliation were also motivating factors, the perceived insubordination by Hill was a contributing and exacerbating cause of the alleged assault. Accordingly, I find that the complained of injury arises "out of" Hill's employment.

Finally, the third determination is whether the "in the course of employment" requirement is satisfied. For the purposes of this motion, Hill does not contest that this requirement is met. "When the incident takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto," it arises in the course of employment. *Conner v. Bragg*, 203 Va. 204, 208, 123 S.E.2d 393, 397 (1967). Here, Hill's injuries occurred at the Lowe's where she was then employed, during working hours, at a time when she was fulfilling her duties as a cashier. The circumstances satisfy the exclusivity requirements of the WCA.

Having determined that all required factors under the WCA apply, plaintiff's claims are subject to the exclusive coverage provided by the WCA and are barred. As all claims asserted by Hill are barred, the special plea is sustained and the Motion for Judgment dismissed with prejudice.