## CIRCUIT COURT OF FAIRFAX COUNTY

Josette Millman

    v.

James A. Snyder et al.

May 4, 2004

Case No. (Law) 220051

BY JUDGE ARTHUR B. VIEREGG, JR.

This matter came before me on April 23, 2004, on Defendants James A. Snyder, D.D.S., James A. Snyder, D.D.S. & Associates,[1] and Marvin G. Leventer, D.D.S.' demurrers[2] and pleas in bar. After hearing argument on these motions, I sustained the demurrers to the punitive damages claim and took the remaining demurrer and pleas in bar under advisement. After considering the matters further, I am now prepared to furnish the parties my ruling. It follows.

### I. *Facts*

Plaintiff Josette Millman asserts in her motion for judgment that in 2001 she was seeing Doctors Marvin G. Leventer and James A. Snyder and that

---

[1] Dr. Snyder and James A. Snyder, D.D.S. & Associates are collectively referred to as Snyder.

[2] Dr. Leventer only demurred to Ms. Millman's claim for punitive damages, which was sustained in the April 23, 2004, order. Therefore his demurrer will not be addressed in the letter opinion.

they began planning reconstructive dental surgery of four of Millman's bottom teeth. On October 16, 2001, Doctors Leventer and Snyder commenced the dental work on Ms. Millman, including extracting teeth, crown build up, and construction of resin crowns, as well as the general anesthesia necessary for the surgery. Millman asserts that the dental bridge fell out during the first weekend after the surgery was performed and that she was not able to go to work because of her missing teeth and visible sutures. The following week, in November 2001, Millman visited Dr. Leventer for an adjustment. Ms. Millman maintains that this procedure was long and painful. She further alleges that this was the first time she was informed that Dr. Leventer was leaving Snyder, D.D.S. & Associates, and that Dr. Xia would be taking over her treatments. Millman avers that Dr. Xia later placed a splint in her mouth for temporary support of the bridge.

Millman alleges that none of the dentists informed her of the risks or problems that might arise from the proposed plan of treatment. Ms. Millman maintains that she was not informed that Dr. Leventer would be leaving the area prior to the completion of her treatment plan until November 2001. She also avers that she was not informed that the dental bridge that was planned may need to be expanded for stabilization or that multiple adjustments might be necessary after the initial repair work was done. Ms. Millman asserts that all three dentists knew or should have known that the bridge would not stay in place in her mouth because of inadequate support. Millman maintains that she was damaged by the defective treatment by having to undergo additional procedures to repair the defective dental work.

Josette Millman also alleges that Dr. Xia conducted other dental work on her, including root canals, filling of cavities, and crowns. Millman argues that the fillings and crowns were not properly accomplished with the ordinary standards of care or quality. She asserts that all three Defendant dentists performed dental procedures on her that were negligent and failed to meet the professional standard of care normally utilized by dentists.

## II. Defendants James A. Snyder, D.S.S., and James A. Snyder, D.S.S. & Associates' Demurrer and Plea in Bar

Snyder maintains that the motion for judgment fails to assert a claim against Dr. James Snyder, D.S.S., individually, or James A. Snyder D.S.S. & Associates.[3] Snyder also argues in their plea in bar that the statute of limitations precludes Ms. Millman from proceeding against them.

---

[3] Snyder also demurred to Ms. Millman's claim for punitive damages, but as stated *supra*, it was sustained for all defendants on April 23, 2004.

A. *Demurrer*

A demurrer tests the legal sufficiency of the allegations of facts set forth in pleadings and does not evaluate the merits of the claims. *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589 (2003); *Fun v. Virginia Military Inst.*, 245 Va. 249, 253, 427 S.E.2d 181 (1993). All facts properly pleaded in a motion for judgment and all reasonable inferences drawn from those facts are accepted as true for purposes of evaluating the legal sufficiency of a pleading. *Glazebrook*, 266 Va. at 554.

Snyder asserts that the motion for judgment fails to assert a cognizable claim for two reasons. First, Snyder argues that Millman's motion for judgment attempts to raise a claim for vicarious liability. However, they argue that Ms. Millman has not sufficiently pleaded that an employer-employee relationship existed between Dr. Snyder or James A. Snyder, D.D.S. & Associates, and Drs. Leventer and Xia. Snyder notes that the motion for judgment merely asserts that Drs. Leventer and Xia "operate or operated under the aegis and authority of Dr. Snyder and James A. Snyder, D.D.S. & Associates." (& 3 Pl. Motion for Judgment.) Snyder maintains that this does not assert that these two dentists were employed by Snyder and therefore fails to establish a master-servant relationship or that Drs. Leventer or Xia were acting within their scope of employment. In *Peck v. Tegtmeyer*, 834 F. Supp. 903, 907 (W.D. Va. 1992), the Western District of Virginia recognized that the Virginia Medical Malpractice Act does not contain provisions for vicarious liability and interpreted the statute as not intending such liability. However, the court acknowledged that vicarious liability could still apply if a master-servant relationship was sufficiently established by the pleadings. *Id.* at 907, n. 3. As I indicated during oral argument, the colorful language used by Ms. Millman regarding the alleged relationship among the Defendants fails to plead an employer-employee relationship even when all fair and reasonable inferences are accorded her motion for judgment.

Second, Snyder argues that Millman's motion for judgment attempts to raise a claim of negligent supervision. They argue that such a claim is not recognized under Virginia law. In *Chesapeake and Potomac Tel. Co. of Va. v. Dowdy*, 235 Va. 55, 365 S.E.2d 751 (1988), the Supreme Court of Virginia refused to recognize H. Lee Dowdy's claim for negligent supervision. *Id.* at 61. In *Dowdy*, the plaintiff sued his employer, Chesapeake, alleging that it and its managerial employees negligently supervised him. The Court stated "there is no duty of reasonable care imposed upon an employer in the supervision of

its employees under these circumstances and we will not create one here." *Id.*[4] In light of *Dowdy*, other federal courts[5] and state circuit courts[6] have held that Virginia law does not recognize a cause of action for negligent supervision. Even if such a cause of action were recognized, as with vicarious liability, an adequate employer-employee relationship has not been sufficiently pleaded so as to give rise to any alleged duty to supervise Drs. Leventer or Xia.

Therefore, Snyder's demurrer is sustained and Ms. Millman shall have twenty-one days to file an amended motion for judgment or the action against Snyder will be dismissed with prejudice.

## B. *Plea in Bar*

Snyder also asserts the two-year statute of limitations as the plea in bar to the malpractice action. Pursuant to Virginia Code § 8.01-234 personal injury actions are governed by the two-year limitations period.[7] Thus any injury supporting a timely negligence action must have occurred after January 20, 2002. Snyder asserts that Millman's motion for judgment does not allege any further acts of negligence by either James A. Snyder, D.D.S., or James A. Snyder, D.D.S. & Associates, after November 2001. Millman argues that the facts pleaded in the motion for judgment are sufficient under the continuing treatment doctrine to preclude any bar by the statute of limitations to her claims.

In *Farley v. Goode*, 219 Va. 969, 252 S.E.2d 594 (1979), a dental malpractice action, the Supreme Court of Virginia held that the statute of limitations begins to run at the time the negligent examination or treatment for a particular infirmity terminates. *Id.* at 976. The Court stated:

---

[4] In the same year *Dowdy* was decided, the Supreme Court of Virginia declined to review a sustained demurrer as to a claim of negligent supervision due to the appellant's failure to cite any authority regarding negligent supervision in her brief or at oral argument. *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 208, 372 S.E.2d 391 (1988).

[5] *See e.g. Johnson v. Enterprise Leasing Co.*, 1999 U.S. App. LEXIS 15752 *1 (4th Cir. 1999); *Thompson v. Town of Front Royal*, 117 F. Supp. 2d 522, 531 (W.D. Va. 2000).

[6] *See, e.g. Lockney v. Vroom*, 61 Va. Cir. 359, 368 (2000); *Stottlemyer v. Ghramm*, 60 Va. Cir 474, 483-84 (2001); *Permison v. Vastera, Inc.*, 51 Va. Cir. 409 (2000). *But see Johnson-Kendrick v. Sears, Roebuck & Co.*, 39 Va. Cir. 314, 319 (1996) (finding that the *Dowdy* decision was limited to the facts of that case and therefore not a bar to the recognition of a negligent supervision theory).

[7] This section provides that: "unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Va. Code. Ann. § 8.01-243 (Michie 2003).

when malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of the injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment if any, for the particular malady terminates.

*Id.* Ms. Millman maintains that, because Dr. Xia continued to treat her for the bridge work, the continuing treatment doctrine applies and therefore, on the face of her pleading, the negligent course of treatment did not cease in November 2001. However, *Farley* is distinguishable because it only addressed the application of the statute of limitations to one dentist throughout a course of treatment. Moreover, in explaining its rationale, the Supreme Court of Virginia cited a Minnesota Supreme Court decision that recognized and explained the continued treatment doctrine. The Minnesota Supreme Court opined: "if there is nothing more to be done by the physician as to the particular injury or malady which he was employed to treat, or *if he ceases to attend the patient therefor*, the treatment ordinarily ceases without any formality." *Id.* at 978 (quoting *Schmit v. Esser*, 183 Minn. 354, 359, 236 N.W. 622 (1931)) (emphasis added). Ms. Millman's motion for judgment does not allege any treatment by Dr. Snyder relating to the bridge work after, at least, November 2001. In *Grubbs v. Rawls*, 235 Va. 607, 369 S.E.2d 683 (1988), the Supreme Court of Virginia reviewed a course of joint treatment by two physicians. While the treatment was jointly undertaken, the Court still analyzed the application of the statute of limitations to the two doctors using separate dates of concluding treatment for the single stomach ailment. *See id.* at 613.

In *Hewlette v. Proffer*, 55 Va. Cir. 387 (2001), the Circuit Court of the City of Norfolk considered a plea of the statute of limitations posed by two defendant physicians and corporate defendants. After the plaintiff's motorcycle injury in December 1995, he was treated by Dr. Dirk Proffer. In February 1996, Dr. Proffer and Dr. Peter Jacobson performed surgery on Hewlette's leg, and, later, in the same month, Dr. Jacobson took over Hewlette's care from Dr. Proffer. However, Dr. Proffer treated Hewlette once on June 28, 1996, while covering for Dr. Jacobson. Dr. Jacobson was found to have terminated his care for Hewlette on January 3, 1997. Hewlette was later diagnosed with cancer and filed suit against the doctors alleging that the cancer should have been diagnosed sooner. On December 31, 1998, Hewlette filed a motion for judgment. The court held that the suit against Dr. Proffer was time barred, but that the suit against Dr. Jacobson and the corporate

defendants was not time barred. *Id.* at 391. It reasoned that, under the Court's approach in *Grubbs*, separately analyzing the statute of limitations for each of the jointly treating defendants, a separate analysis was appropriate in the case of non-joint treatment, as well.

Here, the dental reconstruction treatment plan is alleged to have been jointly planned by Drs. Leventer and Snyder during 2001, prior to October 16, 2001. However, it is also alleged that Dr. Leventer indicated that he was "leaving the practice" in early November 2001 (& 11 Pl. Motion for Judgment), and that he "turned over the treatment of [Millman] to Dr. Xia." (& 13 Pl. Motion for Judgment.) Thus, because an employer-employee relationship between Snyder and Dr. Xia was not pleaded, the motion for judgment fails to plead that either Dr. Snyder or James A. Snyder, D.D.S. & Associates, provided any treatment related to the extraction and bridge work after late October 2001. Accordingly, facts supporting the continued treatment contention were not pleaded.

Furthermore, Ms. Millman does not allege when Dr. Xia's bridge work, started by Drs. Snyder and Leventer, terminated. It is clear from *Farley* that the continuous course of treatment theory only extends the limitations period to a course of treatment related to the original negligent diagnosis or treatment. *Id.* at 976, 979. Therefore, the fact that Millman alleges negligence by Dr. Xia in performing later cavity fillings, root canals, and crown placements or that all of the Defendants negligently performed dental procedures for her does not plead facts necessary for application of the continuing treatment doctrine.

Nevertheless, because the demurrer has been sustained with leave to amend, it is premature to grant the plea in bar at this time as more facts may be alleged that establish an employer-employee relationship between either Dr. Snyder and Dr. Xia or James A. Snyder, D.D.S. & Associates, and Dr. Xia. Thus, the plea in bar is denied without prejudice. At the April 23 hearing, Defendants introduced no evidence in support of their plea in bar.

### III. *Defendant Marvin G. Leventer, D.D.S.' Plea in Bar*

Dr. Leventer's plea in bar also asserts the statute of limitations against Ms. Millman's claim. He maintains that the motion for judgment alleges acts of negligence by him only up to November 2001, which is outside of the two-year period for bringing a personal injury claim. Moreover, he points to language in the motion for judgment that indicates that his treatment for Ms. Millman terminated when he left the practice and turned over Millman's care to Dr. Xia. (&& 11, 13 Pl. Motion for Judgment.) In her brief in opposition and at argument, Millman argued there was evidence that Dr. Leventer might still be connected to James A. Snyder, D.D.S. & Associates' practice.

However, I refused to consider these proffered facts, as they were not pleaded in the motion for judgment.

As discussed at Part II, B, *supra*, the Supreme Court of Virginia approvingly quoted the Supreme Court of Minnesota's statement that "if there is nothing more to be done by the physician as to the particular injury or malady which he was employed to treat, or *if he ceases to attend the patient therefor*, the treatment ordinarily ceases without any formality." *Farley*, 219 Va. at 978 (quoting *Schmit v. Esser*, 183 Minn. 354, 359, 236 N.W. 622 (1931)) (emphasis added). Under the facts pleaded by Ms. Millman in her motion for judgment, the patient-physician relationship terminated between her and Dr. Leventer sometime in November 2001, when he turned her care over to Dr. Xia. Thus, irrespective of the continuing treatment doctrine, the statute of limitations should be applied to each of the Defendants separately, *see Grubbs*, 235 Va. at 613-14, and Ms. Millman's claims against Dr. Marvin G. Leventer are time barred and shall be dismissed.

## IV. *Conclusion*

In light of the foregoing, Defendants James A. Snyder, D.D.S., and James A. Snyder, D.D.S. & Associates' demurrer is sustained, and Ms. Millman is provided twenty-one days to file an amended motion for judgment from the date of this letter opinion and order or her action shall be dismissed with prejudice. As a result of the leave to amend, James A. Snyder, D.D.S., and James A. Snyder, D.D.S. & Associates' plea in bar is denied without prejudice. However, Defendant Marvin G. Leventer, D.D.S.' plea in bar is granted, and he is dismissed from this matter with prejudice.