# CIRCUIT COURT OF ROANOKE COUNTY

Zachary M. Gilbertson
and Debra Anderson Waller

v.

Jordan M. Purdham,
Carilion Healthcare Corp., .
t/a Carilion Pediatric
Medicine–Pediatric Associates
of the Roanoke Valley,
and Carilion Healthcare Corp.

May 4, 2009

Case No. CL07000286-00

BY JUDGE CHARLES N. DORSEY

For the reasons stated, Defendants' demurrer to Plaintiffs' claim for negligent supervision is sustained.

## I. *Factual and Procedural Background*

In April 2005, Plaintiff Zachary M. Gilbertson was not feeling well, so he sought medical treatment from a physician employed by Defendants Carilion Healthcare Corporation, t/a Carilion Pediatric Medicine–Pediatric Associates of the Roanoke Valley, and Carilion Healthcare Corporation (collectively, "Carilion"). Upon that physician's order, Defendant Jordan M. Purdham, a nurse employed by Carilion, administered an injection of phenegran to Gilbertson's right upper arm. That injection allegedly caused Gilbertson to experience pain, loss of sensation, and loss of use in his right arm and hand. As a result, Gilbertson and his mother, Plaintiff Debra

Anderson Waller, have sued Purdham and Carilion, claiming, among other things, that Carilion breached its duty to them "of supervision and training of Jordan M. Purdham by having incorrect and inadequate supervision." Pls.' Am. Compl. ¶ 25. Carilion has demurred to that claim, asserting that Virginia does not recognize a cause of action for negligent supervision.

Carilion has also demurred to Gilbertson and Waller's claim for punitive damages because "there has been no allegation that Carilion ratified or authorized the alleged wrongful act." Defs.' Dem. and Answer to Am. Compl 2. That demurrer is overruled because Gilbertson and Waller are only seeking punitive damages from Purdham. *See* Pls.' Am. Compl. 7.

## II. *Analysis*

The function of a demurrer is to test the legal sufficiency of the claims stated in the challenged complaint. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 126 (2001). Although a demurrer does not admit the correctness of the complaint's conclusions of law, it does "admit[] the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred." *Id.* Accordingly, when reviewing a demurrer, "the sole question to be decided by the trial court is whether the facts thus pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant." *Id.*

Applying these principles, the Court must determine whether the factual allegations in Gilbertson and Waller's complaint are, as a matter of law, sufficient to establish that Carilion had a duty of reasonable care to supervise Purdham. Whether Carilion had such a duty "is 'a pure question of law'." *Id.* (quoting *Burns v. Johnson*, 250 Va. 41, 44 (1995)).

In support of its assertion that there is no cause of action for negligent supervision in Virginia, Carilion cites the Court's opinion in *Wood v. Lowe's Home Centers, Inc.*, 63 Va. Cir. 461 (2003). In that case, the plaintiff sued the defendant, her former employer, for the injuries she allegedly sustained when an assistant department manager bit her upper arm at work. In her complaint, the plaintiff claimed, among other things, that the defendant was negligent in its supervision of the manager. *Id.* Relying on the Supreme Court of Virginia's decision in *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55 (1988), the Court dismissed that claim, finding that Virginia does not recognize a claim for negligent supervision. *Wood*, 63 Va. Cir. at 461.

In *Dowdy*, the plaintiff sued the defendant, his former employer, for, among other things, negligent supervision, alleging that his bouts with illness and frequent absences from work were the result of undue stress caused by his

supervisors. *Dowdy*, 235 Va. at 56, 59. A jury returned a verdict in the plaintiff's favor, and the defendant appealed. *Id.* at 57. On appeal, the Supreme Court of Virginia reversed and entered final judgment in the defendant's favor, holding that "there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances, and we will not create one here." *Id.* at 61.

The Supreme Court of Virginia's opinion in *Dowdy* has led to inconsistent results among courts in Virginia. Federal courts have construed *Dowdy* to hold that there is no cause of action for negligent supervision in Virginia. *See, e.g., Spencer v. General Elec. Co.*, 894 F.2d 651 (4th Cir. 1999), *overruled on other grounds by Farrar v. Hobby*, 506 U.S. 103 (1992); *Johnson v. Enterprise Leasing Co.*, 1999 U.S. App. LEXIS 15752 (4th Cir. July 13, 1999); *Jones v. D'Souza*, 2007 U.S. Dist. LEXIS 66993 (W.D. Va. Sept. 11, 2007); *Thompson v. Town of Front Royal*, 117 F. Supp. 2d 522, 531 (W.D. Va. 2000). For example, in *Thompson v. Town of Front Royal*, the District Court of the Western District of Virginia adopted a magistrate judge's finding that, pursuant to *Dowdy*, claims for negligent supervision are not cognizable under Virginia law. *Thompson*, 117 F. Supp. 2d at 531. The Court of Appeals for the Fourth Circuit has likewise held that, under *Dowdy*, there is no cause of action for negligent supervision in Virginia. *See Johnson*, 1999 U.S. App. Lexis 15752, at *1.

Some state courts, on the other hand, have limited *Dowdy* to its facts. *See, e.g., Elliott v. Cook*, 60 Va. Cir. 1 (Loudoun 2002); *Berry v. Scott & Stringfellow*, 45 Va. Cir. 240 (Norfolk 1998); *Johnson-Kendrick v. Sears, Roebuck & Co.*, 39 Va. Cir. 314 (Norfolk 1996); *Mangum v. Providence Hall Assocs.*, 1995 Va. Cir. LEXIS 1418 (Fairfax 1995). For instance, in *Johnson-Kendrick v. Sears, Roebuck & Co.*, the Circuit Court for the City of Norfolk stated:

> [*Dowdy*] made it clear that there was no duty to supervise which arose under the circumstances presented in that particular case. The court did not opine that there would never be a situation in which an employer would have a duty to supervise an employee.

*Johnson-Kendrick*, 39 Va. Cir. at 319-20 (citing *Big Stone Gap Iron Co. v. Ketron*, 102 Va. 23, 27 (1903)).

Similarly, in *Mangum v. Providence Hall Associates*, the Circuit Court of Fairfax County overruled the defendant's demurrer to the plaintiff's claim for negligent supervision "because the facts alleged [were] not as limited as those present in *Dowdy*." *Mangum*, 1995 Va. Cir. LEXIS 1418, at *2.

The holdings of these courts, however, represent the minority position, as the majority of state courts have interpreted *Dowdy* as foreclosing any cause of action for negligent supervision in Virginia. For example, in *Stottlemyer v. Ghramm*, 60 Va. Cir. 474 (Winchester 2001), the Circuit Court of Winchester sustained the defendant's demurrer to the plaintiff's claim for negligent supervision, explaining: "Under the weight of case authority, this Court cannot find a viable cause of action for a hospital's failure to 'supervise' a health care professional who is an independent contractor utilizing the hospital facilities." *Id.* at 484. Likewise, in *Permison v. Vastera, Inc.*, 51 Va. Cir. 409 (2000), the Circuit Court of Loudoun County sustained the defendant's demurrer to the plaintiff's claim for negligent supervision because "[*Dowdy*] clearly states that Virginia does not recognize an independent cause of action for negligent supervision." *Id.*

In their opposition to Carilion's demurrer, Gilbertson and Waller argue that *Wood* and the other cases that interpret *Dowdy* to hold that there is no cause of action for negligent supervision in Virginia are inapposite in this case because Carilion had a statutory and regulatory duty, as opposed to a common-law duty, to supervise Purdham. Thus, they contend, their claim for negligent supervision is not a common-law negligence claim, but rather a negligence *per se* claim, which is not precluded by *Dowdy*.

To support their negligence *per se* argument, Gilbertson and Waller cite sections from both the Virginia Code and the Virginia Administrative Code. The section cited from the Code, in relevant part, states "Practical nursing or licensed practical nursing is performed under the direction of a licensed medical practitioner, a professional nurse, registered nurse, or registered professional nurse or other licensed health professional authorized by regulations of the Board." Va. Code. Ann. § 54.1-3000 (2009). The section cited from the Administrative Code contains similar language: "Licensed practical nursing is performed under the direction or supervision of a licensed medical practitioner, a registered nurse, or a licensed dentist." 19 Va. Admin. Code § 90-20-270 (2009).

Relying on these sections, Gilbertson and Waller argue that Carilion had a statutory and regulatory duty to supervise Purdham. That duty, they contend, was breached when Purdham, a licensed practical nurse, allegedly gave Gilbertson the injection without the supervision of a licensed medical practitioner or a registered nurse. Accordingly, Gilbertson and Waller conclude "that they have pleaded a cause of action: a duty to supervise (as shown in the statute), breach, causation, and damages. Therefore, the Demurrer to the claim for negligent supervision must be overruled." Pls.' Opp'n to Dem. 5.

The mere fact that Carilion may have violated the above-quoted statute and regulation does not necessarily mean that Gilbertson and Waller have a negligence *per se* claim. As the Supreme Court of Virginia has explained:

> [T]he violation of a statute does not, by that very fact alone, constitute actionable negligence or make the guilty party negligent *per se*. In order for the violation of a statute or ordinance to constitute actionable negligence, the injured person must have been of that class for whose benefit or protection the law was enacted.

*Williamson v. Old Brogue, Inc.*, 232 Va. 350, 355 (1986) (internal quotation marks and citations omitted).

Accordingly, the Supreme Court has held that, to establish a claim for negligence *per se*, a party must prove the following: "that the opposing party violated the statute enacted for public safety, that the [party] belongs to the class of persons for whose benefit the statute was enacted and the harm suffered was the type against which the statute was designed to protect, and that the statutory violation was a proximate cause of the injury." *Schlimmer v. Poverty Hunt Club*, 268 Va. 74, 79 (2004).

In this case, Gilbertson and Waller have not pleaded all of these elements in their complaint. Specifically, they have not alleged that the above-quoted statute and regulation were enacted for public safety, that they belong to the class of persons for whose benefit the statute and regulation were enacted, that the harm they suffered was the type against which the statute and regulation were designed to protect, or that the violation of the statute and regulation was a proximate cause of their injuries. Consequently, the Court sustains Carilion's demurrer to Gilbertson and Waller's claim for negligent supervision but grants them leave to amend their complaint, if they be so advised.

### III. *Conclusion*

For the reasons stated, the Court sustains Carilion's demurrer to Gilbertson and Waller's claim for negligent supervision but grants them leave to amend, if they be so advised.