## CIRCUIT COURT OF THE CITY OF RICHMOND

Sonya Y. Williams

v.

Julie S. Dowell and
Pizza Hut of Am., Inc.

July 25, 1994

Case No. LX-725-3

BY JUDGE T. J. MARKOW

This case came before the court for argument on defendant Pizza Hut of America, Inc.'s demurrer. The court has heard arguments and received submissions of the parties, and the matter is now ripe for decision.

Sonya Y. Williams, Randolph K. Nelson, Jr., and Sherri Hill filed separate motions for judgment against defendants Pizza Hut and Julie S. Dowell. Because the plaintiffs' claims arise from the same factual scenario, the court has consolidated the three cases.

In their motions for judgment plaintiffs allege that on September 2, 1993, Williams, Hill, and Nelson entered a Pizza Hut restaurant located in Richmond, Virginia, to have dinner. At that time, defendant Julie S. Dowell was on duty as a waitress at Pizza Hut. Plaintiffs are black and Dowell is white. Plaintiffs allege that they were denied service solely because of their race. Specifically, they allege that Dowell repeatedly ignored plaintiffs' requests to be seated, sneered at them, and otherwise refused to serve them solely because of their race. Because of Dowell's actions, Williams proceeded to complain to the restaurant's manager. While attempting to complain to the manager, they allege that Dowell stated, "You niggers think you can get away with anything." Dowell then proceeded to attack

Williams, stab her with a pencil, and with great force deliver blows with arms and hands to all parts of her body.

Count I of the motion for judgment purports to state a cause of action against Pizza Hut for racial intimidation and harassment in violation of Va. Code § 8.01-42.1. Plaintiffs allege that defendant Dowell's actions were motivated by racial animosity and amounted to racial intimidation, harassment, and violence. Plaintiffs allege that Dowell was acting as an agent of Pizza Hut within the scope of her employment, and as such seek to hold Pizza Hut liable for Dowell's alleged violation of Va. Code § 8.01-42.1.

Assuming, *arguendo,* that Dowell's acts constituted "racial intimidation and harassment" in violation of Va. Code § 8.01-42.1, the issue is whether and under what circumstances Pizza Hut can be held liable for Dowell's actions. Because Va. Code § 8.01-42.1 does not address the issue of an employer's liability for an employee's violation of the statute, the court looks to common law principles of *respondeat superior* to resolve this issue.

Under the doctrine of *respondeat superior*, an employer is liable for the tortious acts of his employee if the employee was performing his employer's business and acting within the scope of employment and in furtherance of the employer's business. *McNeill v. Spindler*, 191 Va. 685, 694-95 (1958). Generally, an act is considered to be within the scope of employment if:

> (1) it was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interests, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business, and did not arise wholly from some external, independent, and personal motive on the part of the [employee] to do the act upon his own account.

*Kensington Associates v. West*, 234 Va. 430, 432 (1987). Moreover, when the facts establish that an employee's deviation from his employer's business is great and unusual, the court shall determine, as a matter of law, whether the employee was acting in the scope of his employment. *Id.* at 436.

Applying the foregoing principles, the court finds that Dowell's acts of racial intimidation, harassment, and violence, were such great and unusual deviations from Pizza Hut's business that they cannot as a matter of law be

considered as acts undertaken in the scope of employment that would make Pizza Hut liable under Va. Code § 8.01-42.1. Pizza Hut is in the business of providing food and related services to its customers. Dowell's alleged racial epithet that "You niggers think you can get away with anything" evinces a racial bias that could not have been connected in any way with Pizza Hut's business, much less performed in furtherance of Pizza Hut's business; nor is there any allegation to the contrary. Accordingly, the demurrer to Count I is sustained.

Count II of the motion for judgment alleges that Dowell assaulted and battered Williams. The demurrer asserts that Williams cannot recover against Pizza Hut for Dowell's alleged assault and battery because Dowell's actions were outside the scope of her employment. Where an assault and battery is made by an employee as the result of an argument with a patron, in order to determine whether the assault and battery was within the scope of the employee's employment, one must look to the cause of the argument. *Cary v. Hotel Rueger*, 195 Va. 980, 985-86 (1954).

Viewing the facts alleged in a light most favorable to plaintiff might support a reasonable inference that Dowell's assault and battery of Williams arose out of Dowell's attempt to perform her waitress duties. Although Dowell allegedly uttered racial slurs, it can be inferred that the argument between Dowell and Williams which resulted in Dowell allegedly assaulting and battering Williams arose from a dispute concerning Dowell's seating and serving of plaintiffs as restaurant patrons. If that were found to be the fact, Dowell would appear to have been acting within the scope of her employment. The question then would arise whether the assault and battery took place as a natural incident to Pizza Hut's business and were made, albeit ill-advisedly, with a view to further Pizza Hut's interests. Accordingly, the court cannot find as a matter of law that Dowell's alleged assault and battery was motivated by purely personal considerations entirely extraneous to Pizza Hut's business interests. Accordingly, the demurrer to Count II is overruled.

Count III purports to state claims against Pizza Hut for negligent hiring, training, and supervision of its employees by failing to take reasonable steps to prevent acts of racial harassment, intimidation, or violence against its patrons.

Plaintiffs allege that Pizza Hut had a duty to hire persons who would not commit wrongful acts against its patrons. Negligent hiring "conditions liability on the employer's knowledge that the employee's past actions strongly suggest that he is unfit for a job which involves an unreasonable

risk of harm to others." *Simmons v. Baltimore Orioles, Inc.*, 712 F. Supp. 79, 81 (W.D. Va. 1989) (citing *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206 (1988)). In the instant case, plaintiffs fail to allege any facts that Pizza Hut knew or should have known that Dowell would commit the wrongful acts alleged in the motion for judgment. In addition, plaintiffs fail to allege facts to support the proposition that Dowell's job involved an unreasonable risk of harm to others. As such, plaintiffs have not stated a claim for negligent hiring, and Pizza Hut's demurrer is sustained as to this claim.

In addition, plaintiffs allege that Pizza Hut failed to take reasonable steps to supervise its employees to prevent them from committing various wrongful acts against its patrons. In essence, plaintiffs allege a cause of action based upon a theory of negligent supervision. Virginia's Supreme Court has held that there is no cause of action for the tort of negligent supervision in Virginia. *Chesapeake and Potomac Telephone v. Dowdy*, 235 Va. 55, 61 (1988). Accordingly, plaintiffs fail to state a cause of action upon which relief can be granted against Pizza Hut based upon a theory of negligent supervision, and Pizza Hut's demurrer is sustained as to this claim.

Finally, plaintiffs allege claims against Pizza Hut for failing to train its employees not to commit various wrongful acts. Research discloses no reported decision in Virginia which recognizes such a tort. However, assuming, *arguendo*, that Pizza Hut had a duty to train its employees not to commit wrongful acts, the same principles stated in *Chesapeake* concerning negligent hiring would apply with equal force to the alleged tort of negligent training. Specifically, plaintiffs would have to allege facts to establish that Pizza Hut knew that Dowell's past actions strongly suggested that she was unfit for a job which involved an unreasonable risk of harm to others. As noted above, the motion for judgment fails to make such allegations. Accordingly, plaintiffs have failed to state a cause of action against Pizza Hut based upon a theory of negligent training, and Pizza Hut's demurrer is. sustained as to this claim. Thus, the demurrer as to Count III is sustained.

The demurrer as to plaintiffs' claims for attorneys' fees under Counts I and II and punitive damages under Counts I, II, and III have been rendered moot by plaintiffs' motions to nonsuit these claims.