## CIRCUIT COURT OF FAIRFAX COUNTY

Debra Courtney et al.

v.

Ross Stores, Inc.,
and Shezed Sheikh

May 1, 1998

Case No. (Law) 162716

BY JUDGE KATHLEEN H. MACKAY

The Court is asked to decide on the viability of Count V in Plaintiff's (Courtney) Amended Motion for Judgment, Defendant (Ross Stores) having filed a Demurrer. Count V alleges the Negligent Hiring, Retention, and Supervision of an employee of Ross Stores. Allegedly this employee inflicted harm on a customer in the nature of verbal abuse stemming from racial animosity.

Count V had appeared in Courtney's original Motion for Judgment as Count VI and was amended because Judge Roush sustained a Demurrer with leave to amend.

As stated above, Courtney alleges three separate torts, each of which has been addressed in the briefs filed by the parties. All three torts share a rationale different from the traditional doctrine of *respondeat superior*, and each will be dealt with in turn.

### Negligent Hiring

The Supreme Court in *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206 (1988), explained its view of the tort:

negligent hiring is a doctrine of primary liability; the employer is principally liable for negligently placing an unfit person in an employment situation involving an unreasonable risk of harm to others. Negligent hiring, therefore, enables plaintiffs to recover in situations where *respondeat superior's* "scope of employment" limitation previously protected employers from liability.

*Victory Tabernacle*, 236 Va. at 211, *citing* Note, *Minnesota Developments-Employee Liability for the Criminal Acts of Employees under Negligent Hiring Theory: Pontiacs v. K.M.S. Investments*, 68 Minn. L. Rev. 1303, 1306-07 (1984).

The concept of negligent hiring has a history in Virginia case law dating to 1903 when the Supreme Court in *Big Stone Gap Iron Co. v. Ketran*, 102 Va. 23, 26 (1903), acknowledged that "in the selection of a surgeon, it was the duty of a company to exercise reasonable care ... ." In *Davis v. Merrill*, 133 Va. 69, 80 (1922), the Supreme Court, in the case of a railroad gateman run amok, acknowledged that the defendant had "made no inquiry of anyone else concerning [the gateman's] past record, habits or general fitness for the position ... . Had [the defendant] looked up his record ... he would probably not have given him the position ... ." In *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 399 (1988), the Supreme Court expressly acknowledged the rule of liability for the negligent hiring of an employee who was to do work which involved the risk of physical harm. By the time of *Victory Tabernacle* in 1988, the Supreme Court acknowledged the tort and its history without hesitation.

Although these cases all involved some physical harm to the plaintiffs, bad medical treatment, death, and rape, no case proscribes the existence of the tort when the tortfeasor's actions result in injuries that are not physical, as in the instant case.

While physical injury is not an element, a negligent hiring claim does have an element of knowledge. As described in *Davis*, 133 Va. 69, 78-81 (1922), knowledge must be established by demonstrating that an employee had a propensity for the conduct that ultimately resulted in the injury to others and knowledge of the propensity was reasonably discoverable; the employer failed to inquire; and, had the employer inquired, it would not have placed the employee in the position that it did. In other words, unlike the knowledge element for negligent supervision or retention, the knowledge must occur prior to the hiring or placement.

The Amended Motion for Judgment lacks all such allegations required to make out the knowledge element of a claim for negligent hiring. Although there is a general assertion that Mr. Nowrovzi, also alleged to be a racist, hired Defendant Sheikh, there are no facts alleged which flesh out this allegation. Consequently, the demurrer as to this tort is granted, without leave to amend.

### Negligent Retention

The Supreme Court in *Big Stone Gap*, 102 Va. 23, 27 (1903), sets out the steps to reach the distinct issue of the retention of an alleged incompetent employee, compared with the hiring of that employee, when it states:

> To hold the company liable for the incapacity of the surgeon, it was necessary to aver and prove (1) that it was guilty of negligence in selecting an unfit surgeon, or (2) if reasonable care was exercised in the selection of a surgeon who afterwards proved to be incompetent, notice of his incompetency by reason of his inherent unfitness, or by previous specific acts of negligence, from which incompetency might be inferred; or (3) either actual notice to the master of such unfitness or bad habits, or constructive notice by showing that the master could have known the facts, had he used ordinary care in oversight and supervision, or by proving general reputation of the surgeon for incompetency or negligence; and (4) that the injury complained of resulted from the incompetency proved.

In the case law, "retention" is routinely coupled with "hiring," as in "the jury was justified in reaching the conclusion that the negligence of defendant was the proximate cause of plaintiff's injuries. Was the defendant negligent in its selection and retention of Miss Hudson [the offending nurse]? In our opinion, the jury was warranted in answering the question in the affirmative." *Norfolk Protestant Hosp. v. Plunkett*, 162 Va. 151, 157 (1934).

The concepts were linked in *Victory Tabernacle* as well as *Philip Morris*. I think the rationale cited above from *Big Stone Gap* succinctly sets out how the concepts are related.

The tort requires that an employee negligently retain or fail to fire or remove an employee after learning of the employee's incompetence, negligence, or unfitness for a position. The Courtneys allege in their Amended Motion for Judgment and, in particular, through the affidavit of Reginald

Kearney, that Ross was aware of the discriminatory conduct of Sheikh toward African-Americans. It further alleges that, after obtaining this knowledge, Ross breached its duty to the plaintiffs by permitting Sheikh to continue in his position working with customers. For the purpose of a demurrer, these allegations of negligent retention appear to be sufficient and the demurrer is overruled.

### Negligent Supervision

Since we have traveled so easily from hiring to retention, why not move just as easily to recognize negligent supervision? The reason is that the courts have not recognized negligent supervision in Virginia. The Supreme Court in *Chesapeake & Potomac Tel. Co. of Va. v. Dowdy*, 235 Va. 55, 61 (1988), stated, "In Virginia there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here."

The circumstances of *Dowdy* are very different from the instant case. In *Dowdy* a supervisor was allegedly directly harassing an employee. In the instant case, a company was allegedly not properly supervising a supervisor (Nowrovzi) who was not properly supervising a retail clerk (Sheikh) who was abusing a customer. One could argue that in *Dowdy*, both the injury to the victim and the responsibility of the supervisor were easier to see. Certainly, the relationship between the two was more defined. Yet, the Court refused to acknowledge the tort. This Court is not going to break new ground. Accordingly, the demurrer is sustained without leave to amend.

Perhaps as the facts play out in this case, the unavailability of this theoretical tort to the Courtneys will make little real difference. If, under the negligent retention tort, an employer has a duty to act upon notice of an employee's incompetency or unfitness, then theoretically that employer would have to respond to complaints that come to its attention because of day-to-day failures of an employee. Thus, the distinction between retention and supervision becomes blurred.

Of note, Judge Stitt recently sustained a defendant's Demurrer without leave to amend on a claim by a plaintiff of negligent supervision. *Sladek v. Giant Food of Md.*, L164022 (Fairfax Cir. Ct., November 14, 1997).