# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Stanley Banach

v.

William Benton
and Rita's Pizza, Inc.

October 3, 2007

Case No. (Law) CL05-2987

BY JUDGE DEAN W. SWORD, JR.

This matter is before the Court on the motion of Rita's Pizza, Inc., for partial summary judgment. Paragraphs 6 and 7 of the Motion for Judgment allege theories of liability for "failure to properly train and supervise Benton. . . ." and "negligent supervision and training [of Benton]." Finding that there is no such cause of action in Virginia, the motion for summary judgment is granted as it relates to this portion of the matter.

This case arises out of an auto accident and alleged personal injury to the plaintiff. Traditional theories of negligence and agency are alleged along with the above matters. Put simply, the plaintiff claims he was struck in the rear while his vehicle was properly stopped. The defendant Benton was engaged in his occupation as a pizza delivery driver for Rita's and thus a claim is made against Rita's under familiar agency rules. While Benton was a duly licensed and insured driver, he apparently has a less than stellar record with the Department of Motor Vehicles and plaintiff seeks to place that evidence before the jury by showing that Rita's has an additional duty to supervise.

Two Virginia Supreme Court cases seem to control. *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, 61 (1988), notes:

There can be no actionable negligence unless there is a legal duty, a violation of that duty, and a consequent injury. . . . In Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here.

*J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 208 (1988):

In this opinion, we decide only whether the allegations of negligent hiring . . . state a cause of action in Virginia. This is so because appellant failed to submit any authority . . . concerning negligent supervision.

For a summary of a number of circuit court cases finding no such cause of action, the Court notes *Stottlemyer v. Ghramm*, 60 Va. Cir. 474, 483-84 (2001).