## CIRCUIT COURT OF NELSON COUNTY

Courtney Montgomery et al.

v.

Jonathan Ball et al.

December 2, 2008

Case No. CL08000325-00

By Judge J. Michael Gamble

I am writing this letter to rule on the demurrer of Wintergreen Partners, Inc., et al. In this regard, I sustain the demurrer to paragraph 31(a) of the complaint and to paragraph 32 of the complaint.

Paragraph 31(a) of the complaint alleges that Wintergreen failed to adequately supervise skiers such as Jonathan Ball such that they would not present a hazard to other skiers such as the plaintiff. There is no general duty of supervision of skiers. A ski resort only has a duty to supervise an individual skier where it knows or constructively knows of the risk posed by a particular skier. *Phillips v. Wild Mountain Sports, Inc.*, 439 N.W.2d 58, 59-60 (Minn. App. 1989). There is no allegation in the pleading that Wintergreen knew or constructively knew of the hazard presented by the skiing of Jonathan Ball on the date of the alleged collision with the plaintiff.

Paragraph 32 of the complaint is a transparent attempt to allege the tort of negligent supervision of an employee. Virginia does not recognize the tort of negligent supervision. *Chesapeake & Potomac Telephone v. Dowdy*, 235 Va. 55, 61, 365 S.E.2d 751 (1988); see also *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 208, 372 S.E.2d 391 (1988).

I will not allow an amendment of the pleadings as to paragraph 32. I will allow an amendment to paragraph 31(a) if plaintiff can make a good faith allegation that Wintergreen knew or constructively knew that Jonathan Ball was skiing in a hazardous manner on the date of the alleged accident in this case.

I overrule the demurrer to paragraphs 31(b), (c), (e), (f), (g), and (h). There are sufficient allegations in the complaint to allege a cause of action under these paragraphs. These are factual issues that must be addressed at

trial or on an appropriate motion prior to trial once the evidence has been developed through discovery.