# CIRCUIT COURT OF THE CITY OF RICHMOND

Thelma Swain

v.

Chippenham
Johnston-Willis
Hospital, Inc., et al.

July 27, 2010

Case No. CL09-1775

BY JUDGE MELVIN R. HUGHES, JR.

In this medical malpractice case, the issues brought on by demurrers of three of the four defendants revolve around vicarious liability, medical negligence, and punitive damages. Plaintiff alleges negligent post-operative care which resulted in severe and ugly burns or sores on plaintiff's upper legs and thighs and about her body. Specifically, one of the nurse defendants demurs to the claim of negligent supervision and punitive damages; the hospital defendant demurs to the sufficiency of the Complaint in its allegations of medical malpractice and punitive damages; and a doctor defendant demurs to the claims of negligence as against him based on the neglect of nurses. The court will resolve the issues under well known principles governing demurrers. *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003).

With regard to negligent supervision, the Court has said that there "is no duty of reasonable care imposed upon an employer in the supervision of its employees." *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, 61 (1988). The nurse, Holloway, is alleged to have been a supervisor of other nurses who are said to not have afforded plaintiff adequate post-operative care which resulted in grievous injuries. As there

is no cause of action for negligent supervision in Virginia, pursuant to *Dowdy*, the hospital cannot be held negligent vicariously on a theory of respondeat superior, nor Holloway directly. Thus, the Complaint lacks legally sufficient facts on which to posit such liability on that basis. The fact that *Dowdy* arose in the context of a telephone company defendant sought to be held liable on the theory of negligent supervision as opposed to a medical negligence case, as here, is of no moment because the court disapproved of the theory broadly without distinguishing that the claim is not otherwise prohibited in other negligence cases. The case otherwise states sufficient facts for placing liability on the hospital through the negligence of the named nurses on a theory that their negligence led to plaintiff's injuries as employees of the defendant hospital.

Next, there are the issues of whether the doctor defendant can be held personally or vicariously liable based on the alleged negligence of nurses. He argues that, without a claim that he was in a position of master or employer, no such liability can be founded. The pleadings do not allege the doctor acted in either capacity. Instead, the Complaint alleges "he had a duty to ensure that the nursing staff took extraordinary precautions" regarding plaintiff's cleanliness and repositioning. The court believes that, without an allegation that the doctor was negligent in providing any instructions with regard to post-operative care, in the selection of such persons for the provision of such care, or that such persons stood in relation to him as servants or employees, the pleading to set liability on the doctor is legally insufficient. Such is the case in the matter at hand. See *Fox v. Mason*, 139 Va. 667, 124 S.E. 405 (1924); *Alger v. Piper*, 8 Va. Cir. 383, 384 (1987).

While the Court finds the Complaint sufficiently pleads that the post-operative care provided by the defendant's hospital's nursing staff violated the applicable standard of care, causing the plaintiff's injuries, it does not establish a sufficient pleading for punitive damages. The court has said that, for punitive damages, the "negligence [must be] so willful or wanton as to evince a conscious disregard of the rights of others." *Booth v. Robertson*, 236 Va. 269, 273 (1988). Here, the unpleasantness of plaintiff's injuries and the possibility of amputation had plaintiff's condition gone untreated are insufficient to evince willful and wanton conduct by the defendants to establish a predicate for punitive damages.

Rather than measuring the adequacy of a claim for punitive damages by the seriousness of a claimed injury, as plaintiff seems to contend, the cases reserve the award of punitive damages to those involving the most egregious conduct. Where the claimed act or omission

complained of is "free from fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment [one of the purposes of punitive damages, as well as a warning to others, *Xspedius Mgmt. Co. of Va., L.L.C. v. Stephan*, 269 Va. 421, 425, 611 S.E.2d 385, 387 (2005), citing *Hamilton Dev. Co. v. Broad Rock Club*, 248 Va 40 at 45, 445 S.E.2d at 143 (1994)] cannot be awarded and compensatory damages only are permissible." *Xspedius*, 269 Va. 425, 611 S.E.2d at 387 (citing *Bowers v. Westvaco Corp.*, 244 Va. 139, 150, 419 S.E.2d 661, 668 (1992)).

Accordingly, the demurrer as to defendant, Holloway, is sustained and the demurrer as to Chippenham Hospital is sustained in part and overruled in part. Plaintiff will be granted leave to amend on or by August 10, 2010, with any responsive pleading due twelve days following receipt.