# CIRCUIT COURT OF SUSSEX COUNTY

Nestor Garcia

v.

B & J Trucking, Inc.,
and Robert Spencer

August 4, 2010

Case No. CL09-114

BY JUDGE W. ALLAN SHARRETT

This case comes before the Court on Defendant's Brief in Support of Demurrer filed by B & J Trucking, Incorporated ("B&J") and Robert Spencer to Nester Garcia's Amended Complaint, which alleges, among other things, one count of negligence on the part of B&J for failing in its duty: (1) to train and instruct its driver, Spencer; and (2) to supervise Spencer's actions. The following discussion considers whether such legal duties exist in the Commonwealth of Virginia.

*Summary of the Facts*

This case is the result of a motor vehicle collision in which defendant Spencer was operating a tractor trailer. Spencer's vehicle allegedly struck plaintiff Garcia's vehicle while Spencer was operating within the scope of his employment with defendant B&J.

*Discussion*

The first issue in this Demurrer is whether Virginia places a legal duty upon an employer to train and instruct its employee in the task for

which he was hired. This is not an issue that is well developed in Virginia jurisprudence. Indeed, the plaintiff's Brief in Opposition to Demurrer fails to even address the defendant's claim. With regard to Virginia law, defendant can only point to *Sadler v. Lynch*, 192 Va. 344 (1951), which is not itself entirely dispositive. Quoting a 1910 decision by the Oklahoma Supreme Court, the Virginia Supreme Court opined that "the duty of the master to warn 'will be held to have been fully performed if the information which he imparted was sufficient when supplemented by the servant's own personal observation to enable him to reasonably appreciate the risks of the employment'." That is, the employer's duty to train the employee runs only so far as the employee can be deemed reasonably unable to understand the risk that is involved with the employment. It is safe to assume that Spencer was aware of such risk for two reasons. First, he drives trucks for a living and is aware of the environment in which his employment takes place. Second, because Spencer is still of the age to be employed, it is positively safe to assume that automobiles have been in use throughout the entire course of his life and that he is thus aware of the risks inherent in the operation of an automobile.

Defendant also points to *Reynolds v. Crown Equipment Corp.*, 2008 U.S. Dist. LEXIS 46534 (W.D. Va. 2008), in which a plaintiff worker filed a negligent training claim against his employer and the court granted summary judgment for the defendant. This case was brought under diversity jurisdiction, generally applied Virginia law, and itself relied upon *Sadler v. Lynch*.

Perhaps most dispositive in this issue are the federal regulations regarding motor carrier safety. Defendant points to 49 C.F.R. § 380.113, which states, in the negative, that a motor carrier shall not permit an individual to operate a longer combination vehicle (or tractor trailer) without the proper certification and licensure. Also of note is 49 C.F.R. § 380.509, entitled "Entry-Level Driver Training Requirements," which simply states that the employer must ensure that each driver has the proper training certification and keep a copy of such certification on file; it does not state that the employer must provide such training itself. This has been adopted into the Virginia Code under 19 VAC 30-20-40, making it Virginia law.

In sum, it does not appear that there is a positive legal duty for an employer to train and instruct its employee. This position is made even stronger in light of the fact that the instant case deals with a motor carrier and the operator of a tractor trailer, the regulation of which has been

clearly adopted by the Virginia legislature in a manner which supports defendant's demurrer.

The second issue is whether Virginia places a legal duty upon an employer to supervise its employee. Both defendant and plaintiff[1] point to *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, (1988). This case has generally been interpreted to declare that "there is no duty of reasonable care imposed upon an employer in the supervision of its employees" in Virginia, and the defendant points to myriad Virginia cases that so construe it. *Woody v. Lowe's Home Centers, Inc.*, 63 Va. Cir. 461 (2003) (Roanoke); *Lockney v. Vroom*, 61 Va. Cir. 359 (2003) (Norfolk); *Permison v. Vastera, Inc.*, 51 Va. Cir. 409 (2000) (Loudoun); *Johnson v. Enterprise Leasing Co.*, 182 F.3d 908 (4th Cir. 1999) (applying Virginia law); *Eley v. Evans*, 476 F. Supp. 2d 531 (E.D. Va. 2007) (applying Virginia law); and *Thompson v. Town of Front Royal*, 117 F. Supp. 2d 522 (W.D. Va. 2000) (applying Virginia law). However, such a construction takes the quotation out of its full context. In *Dowdy*, the Virginia Supreme Court continued the above quotation by saying, *"under these circumstances* and we will not add one here." (Emphasis added.) In that case, an employee was suing his employer for emotional distress allegedly caused by the actions of his supervisor, circumstances which are markedly different from those found in the instant case. While plaintiff does not make this specific point, he does suggest that this court has authority to "chart new law" in this territory. The court respectfully declines to do so. The defendant lists myriad Virginia cases that rely on the generally accepted, truncated reading of *Dowdy*, and which have not been contested. This case involves the alleged negligence of an employee truck driver, Spencer, while driving down the highway. The plaintiff is attempting to impute this negligence to the employer, B&J, which assumedly operates out of a stationary office. "Under these circumstances," an employer could not possibly supervise an employee while he operates a tractor trailer along the highway. Further, plaintiff's assertion of *Courtney v. Ross*, 45 Va. Cir. 429 (1998), does nothing to bolster his argument. Indeed, in *Courtney* the court stated that "this Court is not going to break new ground" with regard to the generally accepted understanding of *Dowdy*.

---

[1] Curiously, the plaintiff seems to agree with the defendant on this particular point and argues against his own position.

## Conclusion

The Demurrer with regard to Count Five of plaintiff's Amended Complaint, "Negligence of B&J Trucking," is sustained with regard to the two issues of whether: (1) B&J had a duty to train and instruct Spencer; and (2) whether B&J had a duty to supervise Spencer. First, Virginia jurisprudence does not support the claim that B&J had a duty to train Spencer, and indeed the federal regulations that the Virginia legislature has adopted clearly indicate that B&J's duty stopped at ensuring that Spencer was in fact certified to operate the tractor trailer. Second, it is generally accepted law in Virginia that B&J did not have a duty to supervise Spencer, and "this Court is not going to break new ground." *Courtney, supra.*