# CIRCUIT COURT OF THE CITY OF NORFOLK

Barbara Hernandez

v.

Lowe's Home Centers, Inc.,
and Jack M. Barnett

August 1, 2011

Case No. (Civil) CL10-8412

By Judge Junius P. Fulton, III

This matter came before the Court for hearing on June 29, 2011, on Defendant's Demurrer to Plaintiff's First Amended Complaint. The original complaint in this matter was also the subject of a similar demurrer which asserted that Virginia law fails to recognize a claim for negligent supervision and/or negligent training.

Upon consideration of the arguments adduced at the hearing and the applicable case law, the Court has considered the demurrer to the first amended complaint and once again affirms its conclusion that, under the right circumstances, a claim for negligent supervision and/or negligent training of an employee may allow direct liability against a defendant employer.

Lowe's demurs on grounds that Virginia law does not recognize a cause of action for negligent supervision or negligent training. The issue before a court on a demurrer is whether the factual allegations in the Complaint state a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249 (1992). In this case, the plaintiff alleges negligence by Lowe's and its employee Barnett. "There can be no actionable negligence unless there is a legal duty, a violation of the duty, and a consequent injury." *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, 61 (1988). Plaintiff has alleged Lowe's owed her duty to train and supervise Barnett and that it breached that duty by

failing to adequately train Barnett and supervise his employment. As a result, she was injured. The dispositive question is whether Lowe's indeed owed Hernandez a duty to supervise and train its employees under the factual circumstances of this case.

(As a preliminary matter, the Occupational Safety and Health Act (OSHA) regulations cited by Plaintiff in her Amended Complaint neither create a private cause of action nor establish negligence *per se*.)

Lowe's argues that Virginia does not impose upon an employer a duty to supervise or a duty to train its employees. The Supreme Court of Virginia has addressed negligent supervision in the employment context only once. In *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, 56 (1988), the Court asked "whether the common law of Virginia recognizes a tort of negligent supervision of an employee by the employer and its managerial personnel." In *Dowdy*, the plaintiff employee sought recovery for "negligent supervision resulting in aggravation of physical and mental suffering." *Id*. at 57. Dowdy suffered from "irritated bowel syndrome," which he contended worsened as a result of stress imposed upon him by the company and by his immediate supervisors. He argued the company was trying to "get rid of him," and while it was making a case to terminate his employment, Dowdy's condition worsened from the stress of trying to save his career. The trial court instructed the jury on negligent supervision:

> The court charged the jury that "defendants were under a duty to exercise reasonable care under all the circumstances then and there existing in their supervision of plaintiff." The court further told the jury that, if "the defendants knew or in the exercise of reasonable care should have known that their conduct would result in stress that aggravated plaintiff's illness, but thereafter acted unreasonably in supervising plaintiff so as to aggravate his illness, then this constituted negligence." Finally, the court required the jury to find by clear and convincing evidence that any such negligence was the proximate cause of plaintiff's damages, if any.

*Id*. at 58. The Supreme Court disagreed with Dowdy's argument that, because the defendants were on full notice that the stress they caused him was directly and adversely affecting his physical condition the jury should have been permitted to conclude it was unreasonable conduct on his employer's part. The Court held, "In Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances, and we will not create one here." *Id*. at 61.

Relying on *Dowdy*, Virginia circuit courts have consistently declined to recognize a distinct tort of negligent supervision. *Swain v. Chippenham Johnston-Willis Hosp., Inc.*, 80 Va. Cir. 587 (Richmond 2010) (finding

that, under *Dowdy*, no cause of action exists for negligent supervision; a supervising nurse was, therefore, not liable for failing to adequately supervise other nurses whose conduct caused plaintiff's injuries); *Dudley v. Cash*, 82 Va. Cir. 1 (Augusta County 2010) (calling *Dowdy* the "seminal case cited for [the] proposition" that "negligent supervision is not recognized as a cause of action under Virginia law" and declining to find a truck line company could be liable for a vehicular accident under this theory); *Montgomery v. Ball*, 81 Va. Cir. 491 (Nelson County 2008); *Banach v. Benton*, 74 Va. Cir. 233 (Portsmouth 2007); *Wood v. Lowe's Home Ctrs., Inc.*, 63 Va. Cir. 461 (Roanoke 2003) (Lowe's could not be liable for an intentional tort committed by an employee against another under the theory of negligent supervision); *Stottlemyer v. Ghramm*, 60 Va. Cir. 474 (Winchester 2001) (Plaintiff could not pursue a cause of action against a hospital for negligent supervision of a treating physician in a medical malpractice action); *Permison v. Vastera, Inc.*, 51 Va. Cir. 409 (Loudoun County 2000); *Courtney v. Ross Stores, Inc.*, 45 Va. Cir. 429 (declining to recognize a cause of action for negligent supervision in a case where an employee inflicted harm through verbal abuse of a customer) (Fairfax County 1998); *see also B.E.L. v. Price*, 81 Va. Cir. 391, 395 (Culpeper County 2010) ("No case has been cited indicating that negligent supervision is a recognized and distinct cause of action in Virginia.").

A number of Virginia courts have similarly declined to recognize a cause of action for negligent training. *Garcia v. B & J Trucking, Inc.*, 80 Va. Cir. 633 (Sussex County 2010) (suggesting that a cause of action *may* exist but declining to find a duty to train under the particular circumstances; "[T] he employer's duty to train the employee runs only so far as the employee can be deemed reasonably unable to understand the risk that is involved with the employment."); *Banach v. Benton*, 74 Va. Cir. 233 (Portsmouth 2007); *Gray v. Rhoads*, 55 Va. Cir. 362, 377 (Charlottesville 2004) ("[T] here are no statutes or cases in Virginia in which courts have recognized the tort of negligent training."); *Williams v. Dowell*, 34 Va. Cir. 240 (Richmond 1994) (An employee physically and verbally attacked a patron out of racial animosity, but the court declined to recognize a cause of action for negligent supervision of that employee as well as a cause of action for negligent training for the restaurant's failure to train her not to commit wrongful acts.).

The Plaintiff argues that the facts of the present case can be distinguished from those in *Dowdy*. The Plaintiff also correctly notes that, although the number of cases declining to find either a cause of action for negligent supervision or for negligent training is itself persuasive, those cases are not binding on this Court. The Plaintiff's argument essentially is that the cases cited by the Defendant applied *Dowdy*'s limited ruling beyond its context. They argue that the Court in *Dowdy* did not hold that there is no duty of

an employer to supervise an employee; it merely held that no duty existed under *those circumstances*.

The Court agrees that the circumstances in *Dowdy* are distinguishable from those at hand. First, in *Dowdy*, the claim was the employer and the plaintiff's supervisors negligently supervised the *plaintiff*. *Dowdy* did not address whether an employer can be held liable to a *third party* for negligent supervision of an employee. Here, the claim is that Lowe's failed to supervise an employee engaged in dangerous activity such that it harmed a third-party invitee, not the employee himself. Furthermore, it may be argued that the Court in *Dowdy* was really declining to carve out an exception to the tactile tort rule for recovery for emotional distress. *Dowdy* was attempting to recover for negligent infliction of emotional distress under a theory that his employer had a duty to supervise him. There the Court found that the conduct was not so wrongful or egregious to allow Dowdy to recover for emotional distress resulting from a non-tactile tort where no physical contact was made by the defendant. Here, Hernandez is suing over a tactile injury to her person.

This Court would not be alone in permitting a case to proceed on a theory of negligent supervision. *Johnson-Kendrick v. Sears, Roebuck & Co.*, 39 Va. Cir. 314 (1996); *see also Mangum v. Providence Hall Assocs.*, No. 131955, at 2-3 (Fairfax County Jan. 11, 1995) (overruling defendant's demurrer "because the facts alleged here are not as limited as those present in *Dowdy*."). In *Johnson-Kendrick*, the plaintiff's supervising and training manager sexually assaulted her. Overruling the defendant's demurrer, Judge John Morrison of this Court, noted that "[t]he [Supreme Court] did not opine that there would never be a situation in which an employer would have a duty to supervise an employee." *Johnson-Kendrick*, 39 Va. Cir. at 319. In another case, *Garcia v. B & J Trucking, Inc.*, 80 Va. Cir. 633 (Sussex County 2010), the Court sustained the defendant's demurrer finding no duty to supervise its employee. However, it noted that the construction given the *Dowdy* ruling by the cases cited above "takes the quotation out of its full context." *Id.* at 635. In *Garcia*, the court declined to find a duty under factual circumstances which involved an employee truck driver and an employer that operated out of a stationary office: " 'Under these circumstances,' an employer could not possibly supervise an employee while he operates a tractor trailer along the highway." *Id.* The ruling suggests that if it were *possible* for the employer to supervise the employee in *Garcia*, the court would have found that a duty to do so existed.

The broad principle of negligence has been stated as follows:

> Whenever one person is by circumstances placed in such a position with regard to another that every one of ordinary sense who did think would at once recognize that, if he did not use ordinary care and skill in his own conduct with regard

to those circumstances, he would cause danger of injury to the person or the property of the other, a duty arises to use ordinary care and skill to avoid such injury.

*Southern States Grain Marketing Coop. v. Garber*, 205 Va. 757, 761 (1965). Recognition of this general duty has led the Supreme Court of Virginia to recognize liability for negligent hiring and negligent retention. In both contexts, an employer is liable when its failure to use reasonable care foreseeably creates a danger of harm to others. Similarly, negligent supervision is simply another form of liability for negligence.

The plaintiff argues that the circumstances of this case involve an employer who directs its employees to engage in activity that foreseeably creates a danger of harm to others. Lowe's directs its employees to climb ladders to reach heavy items on high shelves in the aisles where its customers shop. It is foreseeable that without using ordinary care and skill in directing Barnett to engage in such activity, serious and foreseeable harm may befall its customers. The harm alleged to have occurred to the Plaintiff in this case is probably the most foreseeable harm that could have resulted, a box Barnett dropped fell on her. Unlike the employer in *Garcia*, Lowe's *can* directly supervise its employees working in its retail stores. In this case, ordinary care and skill may require a duty of supervision when Lowe's directs an employee to engage in this dangerous activity.

With respect to negligent training, *Garcia* suggests that such a cause of action may also exist. However, the court noted that "the employer's duty to train the employee runs only so far as the employee can be deemed reasonably unable to understand the risk that is involved with the employment." *Garcia*, 80 Va. Cir. at 634. Thus, such a claim under these circumstances may require heightened pleading. That is, a plaintiff must show that the employee can be deemed reasonably unable to understand the risk involved with climbing a ladder and lifting heavy boxes from high shelves. The First Amended Complaint lacks sufficient information about Barnett.

As suggested by *Garcia*, there may be no duty to train an employee to watch out for such obvious risks involved in his employment. *Williams v. Dowell*, 34 Va. Cir. 240, 243 (Richmond 1994), similarly suggests that to adequately plead a claim for negligent training, a plaintiff must allege facts that establish the employer "knew that [the employee's] past actions strongly suggested that [the employee] was unfit for a job which involved an unreasonable risk of harm to others." Plaintiff alleges no such special need to train Barnett. Although Plaintiff may have adequately pleaded a claim for negligent supervision, she must show more to proceed on a claim of negligent training when she has not pleaded that the risks were not so obvious to Barnett.

In conclusion, the Supreme Court of Virginia has not yet recognized a cause of action for negligent supervision or for negligent training. Nor has it completely ruled out such a cause of action under Virginia law. Although only two courts have allowed a case to proceed on such a theory, I am wary of simply following the majority of circuit courts in reliance on *Dowdy*'s limited ruling. The facts alleged now are quite distinguishable from those in *Dowdy*, and the Plaintiff's case may present one for the correct application of the theory of negligent supervision. With respect to negligent training, however, the Court will sustain the demurrer with leave to amend.