# CIRCUIT COURT OF THE CITY OF NORFOLK

Sheila M. Lawrence

v.

Sentara Hospitals-Norfolk
and Carmen Spittler

May 1, 2015

Case No. CL14-3872

By Judge Mary Jane Hall

This matter comes before the Court on Defendant's Demurrer to Plaintiff's Claim of Negligent Supervision. The issues are whether negligent supervision is actionable in Virginia; and, if so, whether the instant Complaint sufficiently pleads this claim. The Court holds that the cause of action is not recognized in Virginia and accordingly sustains the demurrer.

## Background

Plaintiff presented to Sentara Norfolk General Hospital to receive treatment for unspecified ailments. Compl. ¶ 4. Carmen Spittler, a nurse at Sentara, tended to Plaintiff during her stay. Compl. ¶¶ 3, 5. As part of her treatment at Sentara, Plaintiff received an IV infusion of iron and then experienced a reaction that included hives on her hands, tingling in her feet, and a "bubblie" sensation in her chest. Compl. ¶¶ 5-6. Sentara ordered medication for this reaction, but before the medication was administered, Plaintiff told Spittler that she felt ill. Without assistance, she went to the restroom. Compl. ¶¶ 7-8. While leaving the restroom, she lost consciousness, fell, and sustained injuries. Compl. ¶ 9.

Plaintiff now sues both Sentara and Spittler for negligence to recover damages for her injuries. One of her claims alleges that "Sentara is guilty of negligent supervision by allowing Plaintiff to ambulate, unassisted, while suffering from debilitating adverse reactions to the IV infusion." Compl. ¶ 13.

Sentara demurs to this claim, arguing that negligent supervision is not a cognizable claim in Virginia. The Court agrees.

## Standard of Review

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Mkt. Poultry Prods., Inc.*, 258 Va. 187, 189 (1999). The sole question to be decided by the Court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128 (2001). On demurrer, the Court must admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382 (1997).

## Analysis

In *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, 61 (1988), the Supreme Court of Virginia declined to impose a duty on an employer to supervise its employees under the circumstances presented in that case. Although the holding in *Dowdy* appears to be limited to its facts, circuit courts and federal courts applying Virginia law have routinely interpreted the decision to hold that negligent supervision is not actionable in Virginia. *Swain v. Chippenham Johnston-Willis Hosp. Inc.*, 80 Va. Cir. 587 (Richmond 2010); *Dudley v. Cash*, 82 Va. Cir. 1 (Augusta Cnty. 2010); *Montgomery v. Ball*, 28 Va. Cir. 491 (Nelson Cnty. 2008); *Banach v. Benton*, 74 Va. Cir. 233 (Portsmouth 2007); *Woody v. Lowe's Home Centers, Inc.*, 63 Va. Cir. 461 (Roanoke 2003); *Lockney v. Vroom*, 61 Va. Cir. 359 (Norfolk 2003); *Permison v. Vastera, Inc.*, 51 Va. Cir. 409 (Loudoun Cnty. 2000); *Johnson v. Enterprise Leasing Co.*, 182 F.3d 908 (4th Cir. 1999) (applying Virginia law); *Eley v. Evans*, 476 F. Supp. 2d 531 (E.D. Va. 2007) (applying Virginia law); and *Thompson v. Town of Front Royal*, 117 F. Supp. 2d 522 (W.D. Va. 2000) (applying Virginia law); *Courtney v. Ross Stores, Inc.*, 45 Va. Cir. 429, 432 (Fairfax Cnty. 1998).

Despite broad support for the position that *Dowdy* bars actions for negligent supervision, some Virginia courts have found that *Dowdy*'s holding is not so broad. In *Mangum v. Providence Hall Assocs.*, 1995 Va. Cir. lexis 1418, *2-3 (Fairfax Cnty. 1995), the Circuit Court of Fairfax County overruled a demurrer to a count of negligent supervision, finding that "the facts alleged [t]here are not as limited as those present in *Dowdy*." In *Garcia v. B & J Trucking, Inc.*, 80 Va. Cir. 633, 635 (Sussex Cnty. 2010), the Circuit Court of Sussex County noted that the common interpretation of *Dowdy* "takes the quotation out of its full context."

The Norfolk Circuit Court, moreover, has not ruled out the possibility that negligent supervision may be actionable in Virginia. In *Hoover v. Epicurian, Inc.*, 85 Va. Cir. 153, 154 (2012), Judge Martin stated that the

"Supreme Court's holding in *Dowdy* was limited," and that "a cause of action for negligent supervision [may] exist[] in some circumstances... ." In *Johnson-Kendrick v. Sears, Roebuck & Co.*, 39 Va. Cir. 314, 319 (Norfolk 1996), Judge Morrison, while overruling a demurrer, noted that "[t]he [Supreme Court] did not opine that there would never be a situation in which an employer would have a duty to supervise an employee." In *Hernandez v. Lowe's Home Ctrs., Inc.*, 83 Va. Cir. 210, 219 (Norfolk 2011), Judge Fulton interpreted *Garcia* to suggest "that if it were possible for the employer to supervise the employee ... the court would have found that a duty to do so existed." Judge Fulton also found that "the Supreme Court of Virginia has not yet recognized a cause of action for negligent supervision ... [n]or has it completely ruled out such a cause of action under Virginia law." 83 Va. Cir. at 214-15.

The Supreme Court of Virginia in an unpublished order, however, recently ruled that "Virginia does not recognize a claim for negligent supervision." *Williams v. Shall*, No. 120889, *3 (Va. 2013) (citing *Dowdy*, 235 Va. 55).

## Conclusion

Given that most circuit court decisions have interpreted *Dowdy* to bar actions for negligent supervision and that the Supreme Court, although in an unpublished order that is not designated as having precedential value, has agreed with those decisions, the Court finds that negligent supervision is not actionable in Virginia. The Court, therefore, need not consider whether Lawrence has pleaded a claim for which relief can be granted for this claim. Accordingly, the Court sustains the Defendant's Demurrer with prejudice. Counsel are directed to submit written objections to this Order within ten days. Pursuant to Rule 1:13, endorsements are waived.