# CIRCUIT COURT OF THE CITY OF NORFOLK

Thomas Bush

v.

Serco, Inc.,
BAE Systems, Inc.,
and BAE Systems
Ship Repair, Inc.

September 25, 2015

Case No. (Civil) CL15-1957

By Judge Michelle J. Atkins

This matter came before the Court on September 8, 2015, for a hearing on Defendant's demurrer. The issues in the demurrer are: (1) whether Plaintiff states sufficient facts to set forth a valid cause of action for (b)-(e) and (g)-(h) set forth in Paragraph 34 of the Complaint; (2) whether the "catch all" language in Paragraph 34(h) states a valid cause of action against Serco; (3) whether a negligence action can be based on a company's internal policies and procedures and/or unidentified regulatory authority; (4) whether Virginia recognizes causes of action for negligent supervision; and (5) whether Virginia recognizes a cause of action for negligent training.

## Background

The United States Department of the Navy hired the BAE Defendants (hereinafter "BAE") as a general contractor to perform repair and maintenance work on the USS *Normandy*. (Compl. 3.) BAE hired Serco as a subcontractor to perform electrical repairs, maintenance, and improvements to the USS *Normandy*. (*Id.* 4.) BAE also hired Allied Research Technology ("ART") as a subcontractor to perform cleaning work on the USS *Normandy*. (*Id.* at 3.) Plaintiff was employed by ART as a maritime cleaner/laborer. (*Id.*) Plaintiff states that he was instructed by ART that, prior to entering any room, he should check for "lockout tags" or "red flags" that may be placed

there by other personnel as an alert that a dangerous or hazardous condition existed. (*Id.* at 4.)

On March 26, 2013, Plaintiff entered the Combat Information Center ("CIC") room to perform cleaning work. (*Id.*) Plaintiff did not see any lockout tags or red flags before entering the CIC and assumed it was safe. (*Id.* at 5.) Plaintiff believes the last person in the CIC before he entered was a Serco employee tasked with performing electrical work. (*Id.* at 4.) In performing his duties within the CIC, Plaintiff climbed a ladder to wipe an area with a damp cloth. (*Id.* at 5.) While positioned on the ladder, Plaintiff wiped the damp cloth over an electrical junction box, "which showed no outward signs that it was hazardous or dangerous." (*Id.*) Plaintiff was unaware at the time that "exposed hot wire ends in the junction box were in contact with the box" and when he wiped the damp cloth over the box, "Plaintiff was shocked and/or electrocuted." (*Id.*) The electrical shock caused Plaintiff to lose his balance and fall off the ladder. (*Id.*)

After his fall, "Plaintiff observed the removal of the underside of the junction box and saw bare wire ends fall suspended from the box," which, Plaintiff argues, suggests "that the exposed ends were in contact with the metal junction box before it was opened." (*Id.*)

Based on the above facts, Plaintiff brought this negligence action. Under the doctrine of *respondeat superior,* Plaintiff alleges "defendants were negligent in the following" ways (Paragraph 34 of the Complaint):

(a) They failed to take precautions in performing work aboard the *Normandy* so as not to endanger or create hazardous conditions for other individuals or employees;

(b) They failed to follow safety procedures established by governmental regulatory authority or company policy so as not to endanger or create a hazardous condition for the other individuals or employees;

(c) They failed to provide adequate and proper training for their employees;

(d) They failed to provide proper supervision to their employees;

(e) They failed to properly inspect the working environment for dangerous and/or hazardous conditions following work they or their subordinates performed;

(f) They failed to warn other individuals or employees of dangerous or hazardous conditions by placing lockout tags or red flags near said dangerous or hazardous conditions;

(g) They failed to timely respond to work orders or other notices alerting them to a dangerous or hazardous condition in the area where other individuals or employees were working; and

(h) Other acts deemed negligent.

*Analysis*

A. *Legal Standard*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Mkt. Poultry Prods., Inc.*, 258 Va. 187, 189, 518 S.E.2d 312 (1999). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against Defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 580 S.E.2d 123 (2001). On demurrer, the court must admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516 (1997).

Certain rules in the Rules of Supreme Court of Virginia apply to all proceedings. *See* Va. Code Ann. § 8.01-3. Accordingly, "Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. Sup. Ct. R. 1:4(d). Although "[a]n allegation of negligence . . . is sufficient without specifying the particulars of the negligence," *id.* R. 3:18, a plaintiff still must allege facts sufficient to support each element of the claim. *Graves v. Mortgage Elec. Registration Sys.*, 2011 Va. Cir. LEXIS 97, at *14 (Va. Cir. June 29, 2011).

B. *Discussion*

The Court has considered Serco's demurrer, related briefs, oral argument at the September 8, 2015, hearing, and applicable authorities. The Court now rules on the issues before it.

1. *Plaintiff Does Not State Facts Sufficient To Support the Conclusions Set Forth in Subparagraphs (a)-(h)*

Specifically, Serco demurs to the allegations in paragraph 34 of the Complaint and argues (b) should be stricken from the complaint because Plaintiff failed to identify any policies or regulations Defendants failed to follow, or how Defendants failed to follow such policies or regulations. (Memo. Sup. Dem. 3.) Serco likewise argues that (c) and (d) should be stricken because Plaintiff failed to mention any training or supervision Defendants provided to their employees, or how said training and supervision was inadequate. Serco argues (e) is devoid of any facts regarding any inspection that was performed, that any inspection was required, or that any inspection was improper. Serco argues (g) fails to mention work orders

or notices regarding any condition, and is devoid of any fact regarding how any Defendant failed to respond to such orders or notices. (*Id.* at 5.) Serco argues (h) should be stricken because Plaintiff fails to identify any acts or omissions which he alleges are negligent. (*Id.*)

Serco further argues (a)-(h) should be stricken from the Complaint because Plaintiff has failed to identify which defendants it seeks to hold liable for each alleged category of negligence, thereby failing to inform Serco of the true nature of the claims against it, and making the Complaint inadequate under Virginia law. (*Id.*) The Court agrees with Serco's argument that Plaintiff must inform Serco of which defendants it refers in each allegation.

Although the Complaint does not need to spell out every fact on which it relies and could be uncovered during discovery, however, the Complaint fails to identify which named defendant committed each alleged act of negligence set forth in subparagraphs (a)-(h) of Paragraph 34. Therefore, the Court sustains Serco's demurrer without prejudice.

*2. The "Catch All" Language in Paragraph 34(h) of the Complaint Sufficiently States a Claim against Serco*

Serco next argues that Paragraph 34(h) should be stricken from the Complaint because it "fail[s] to state a claim upon which relief can be granted." (*Id.* at 6.) Serco has cited circuit court cases to support its proposition that such "catch all," unspecified allegations are improper. It is true that this area of case law is underdeveloped, yet Plaintiff has failed to adequately respond to Serco's argument. Plaintiff states that "the proper response to an unspecified allegation of negligence is to file a Motion for a Bill of Particulars[, which t]he defendant has chosen not to do."

Despite the deficient arguments by both parties, the Supreme Court of Virginia has stated that "according to Rule 3:16(b), an allegation of "negligence" is sufficient without specifying the particulars." *Russo v. White,* 241 Va. 23, 28 (1991). Therefore, the Court overrules Serco's demurer on this ground.

*3. Plaintiff Can Base His Negligence Action on the Company's Policies and Procedures and/or Unidentified Regulatory Authority*

Serco's demurrer further alleges that Plaintiff seeks to base his negligence claim on internal policies and procedures, which it argues is impermissible. (Memo. Sup. Dem. 6.)

In support of its argument, Serco relies largely on the holding in *Virginia R. & P. Co. v. Godsey,* in which the Virginia Supreme Court held that safety rules were inadmissible in evidence in a personal injury action against a company because they were intended for the guidance of the company's employees and the Plaintiff offered no evidence that he was even aware

of them. 117 Va. 167, 168, 83 S.E. 1072, 1073 (1915). The *Godsey* Court further held, "A person cannot, by the adoption of private rules, fix the standard of his duty to others." *Id.* As the *Godsey* court stated, the negligence action is for a "violation of duty imposed by law rather than for violation of special rules of which the plaintiff was unaware." *Id.* at 169, 83 S.E. at 1073. However, in *Norfolk Southern Ry. v. Rayburn,* the Plaintiff was permitted to rely on internal company policies which the employer required all employees to obey. 213 Va. 812, 195 S.E.2d 860 (1973). One of the rules in that case was admitted into evidence and the question on appeal was not its admissibility, but whether a violation of the rule was negligence *per se* or merely evidence of negligence to be considered along with other evidence. *Id.*

In *Godsey,* the issue was whether the internal policies of the company could be used to establish a duty to a third party who had no knowledge of those policies. In contrast, the safety rules in both *Rayburn* and in the present case were relevant as a part of the contractual relationship of the employer and employee. All employees were required to know and obey the safety rules. In the instant case, as in *Rayburn,* the issue is whether these policies can establish a duty of care to an employee of the company, one who knew of and relied on the policies which were in place to protect the employees.

Because the circumstances in this case are not analogous to those in *Godsey,* the Court overrules the demurrer.

### 4. *Plaintiff Has Stated a Claim for Relief in Subparagraphs 34(d): Negligent Supervision*

In its memorandum, Serco argues that Virginia does not recognize a cause of action for negligent supervision, citing case law which states: "In Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here." *Chesapeake & Potomac Tel. Co. of Va. v. Dowdy,* 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988). However, the court in *Dowdy* draws a distinction between the facts in that case "in which an employee had difficulty coping or contending with the circumstances of his employment," and cases involving "safe-place-to-work cases . . . which deal with risks peculiar to the employment causing physical injury to the employee." *Id.* For example, in *Darby Coal Mining v. Shoop,* the court permitted a cause of action by a miner against a mining company after he was injured on the job by negligent conditions allegedly known to or caused by his employer or its agents. 116 Va. 848, 83 S.E. 412 (1914) (holding that the issue of the employer's negligence could properly be put to a jury).

Although a majority of circuit courts have declined to recognize negligent supervision as a cause of action, those holdings are not binding on this Court, and the circumstances in *Dowdy* are distinguishable from

those in the case at hand. Further, this Court has previously permitted the cause of action of negligent supervision. *See Hernandez v. Lowe's Home Ctrs., Inc.*, 83 Va. Cir. 210 (Norfolk 2011).

For the foregoing reasons, Serco's demurer on this ground is overruled.

### 5. *Plaintiff Has Not Sufficiently Stated a Claim for Relief in Subparagraph 34(c): Negligent Training*

In addition, Serco argues that Virginia does not recognize a cause of action for negligent training. Neither party adequately addresses this allegation in their memoranda nor is the case law well developed. This Court in *Hernandez* remarked that *Garcia v. B & J Trucking, Inc.* suggested that such a cause of action may exist. 80 Va. Cir. 633 (Sussex County 2010). However, the *Garcia* court noted that "the employer's duty to train the employee runs only so far as the employee can be deemed reasonably unable to understand the risk that is involved with the employment." 80 Va. Cir. at 634. This Court went on to state that "such a claim under these circumstances may require heightened pleading." *Hernandez,* 83 Va. Cir. 210. It is unclear from the complaint whom Plaintiff alleges defendants negligently trained, himself or the Serco electrician. The Complaint lacks sufficient facts.

As suggested by *Garcia,* "there may be no duty to train an employee to watch out for such obvious risks involved in his employment." *Hernandez,* 83 Va. Cir. 210. The court in *Williams v. Dowell* similarly suggested that to adequately plead a claim for negligent training, a plaintiff must allege facts that establish the employer "knew that [the employee's] past actions strongly suggested that [the employee] was unfit for a job which involved an unreasonable risk of harm to others." 34 Va. Cir. 240, 243 (Richmond 1994). Plaintiff alleges no such special need for training either himself or the electrician. Although Plaintiff may have adequately pleaded a claim for negligent supervision, he must show more to proceed on a claim of negligent training when he has not pleaded that the risks were not so obvious.

Because Plaintiff failed to identify even the party he alleges received negligent training, let alone that the risks involved were not obvious, the Court sustains the demurer without prejudice.

### Conclusion

The Court sustains Serco's Demurrer as to Plaintiff's failure to identify to which defendants it refers in Paragraph 34(a)-(h); overrules Serco's Demurrer as to Paragraph 34(h); overrules Serco's Demurrer as to Plaintiff's reliance on company policies; overrules Serco's Demurrer as to the negligent supervision claim; and sustains Serco's Demurrer as to the negligent training claim. The Court, however, grants Bush leave to file an Amended Complaint within fourteen days.